## HATTIE J. BALTZELL, Respondent, v. MODERN WOODMEN OF AMERICA, Appellant.

### Kansas City Court of Appeals, February 2, 1903.

1. Benefit Society: INSURANCE CERTIFICATE: CHARACTER OF INSURANCE: LIABILITY. Calling a contract of insurance by a name, as "accident," etc., does not make it any the less a policy of life insurance, nor remove it from the operation of the statute, nor affect the liability of the company which must be determined by the character of the contract; and that places the company in its proper class.

2. ——: ——: CHARACTER OF COMPANY: ORGANIZATION: STATUTE. The question whether a given society is a "fraternal benefit association" is to be determined alone by its charter and the law under which it is operated.

3. ——: ——: ——: ——: ——. While the Modern Woodmen of America may be a fraternal beneficial association, such fact can give it no rights pertaining to such associations unless it meets the description required by the Missouri statute, and since the Illinois statute under which it is organized is not in harmony with the Missouri statute, it must in this State be classed as other insurance companies.

4. Evidence: PLEADING: ANSWER: REPLY: FOREIGN STATUTE. The petition was against the Modern Woodmen of America without any implication that it was a fraternal beneficial association. The answer alleged it was such an organization, and the death of the deceased by his own hands as a defense; the reply denying such allegations pleaded the statute of Illinois as the charter of the defendant. *Held*, there was no departure and the cause of action was in the petition and not the reply, which only put the defense in issue, and the statute of Illinois was properly admitted in evidence.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*J. G. Johnson* and *McAntire & Scott* for appellant.

(1)  The defendant is a fraternal beneficiary association, and its contract or benefit certificate brings it clearly within the statutes of the State of Missouri. R. S. 1899, sec. 1408.    (2)  The defendant introduced the certificates of the state superintendent of insurance authorizing it to do business in the State of Missouri as a fraternal beneficiary association.  That, however, does not fix the character of the defendant; the policy itself, with the application and by-laws of the defendant, should place it in the class to which it belongs, and it has been held by this court that a policy determines the status of the company issuing the policy, and the law places the company in its proper class and determines whether or not it is a fraternal beneficiary association, or an insurance company upon the assessment plan, or an old line insurance company. McDowal v. Ins. Co., 154 Mo. 618; Aloe v. Ins. Co., 164 Mo. 675; Jacobs v. Ins. Co., 142 Mo. 49.    (3)  The court erred in permitting the plaintiff to introduce proof to show that under the laws of the State of Illinois the defendant was an insurance company upon the assessment plan, for the reason that the contract was made in Missouri; it being made in Missouri, the laws of the State of Illinois could not apply, but the contract must be judged and the status of the company must be determined by the laws of the State of Missouri.  McDowal v. Ins. Co., 154 Mo. 618; Aloe v. Ins. Co., 164 Mo. 675; Jacobs v. Ins. Co., 152 Mo. 49.    (4)  The plaintiff's petition was an action against a fraternal beneficiary association.  Its reply made its cause of action against an insurance company upon the assessment plan, hence it was a departure from original petition and should not have been considered, nor the Illinois statute admitted in evidence.  Prewitt v. Warren, 71 Mo. 84; Leise v. Meeps, 143 Mo. 547; Prehm v. Porter, 165 Mo. 115.    (5)  Plaintiff could not make

his reply state a different cause of action than that stated in his petition.    Stepp v. Livingston, 72 Mo. App. 175; Crawford v. Spencer, 36 Mo. App. 78; Mc-Mahill v. Jenkins, 69 Mo. App. 279; Leise v. Meyer, 143 Mo. 547; Wilcox v. Sovereign Camp, 76 Mo. App. 579; Brashfield v. Modern Woodmen, 88 Mo. App. 208.

*Thomas & Hackney* for respondent.

(1)  The defendant is not a fraternal beneficiary association within the purview of the statutes of this State, and hence is subject to the provisions of section 7896, Revised Statutes 1899, prohibiting the defense of suicide except where suicide was contemplated at the time of making application for the policy.  (2) The defendant having failed to plead in its answer such facts as would show that it was a fraternal beneficiary association of the character specified in section 1408 of the Revised Statutes of Missouri, and having failed to introduce any evidence proving such facts, the answer and the evidence adduced on the trial constitute no defense to the plaintiff's claim and the trial court committed no error in peremptorily instructing the jury to find for the plaintiff.  (3)  While the defendant introduced in evidence a certificate from the superintendent of insurance of this State, authorizing it to transact business in Missouri, yet the plaintiff introduced the certificate of incorporation of the defendant, and also the statute of the State of Illinois under which the defendant was organized, clearly showing that the defendant was not a fraternal beneficiary association under the Missouri laws.    Toomey v. Sup. Lodge, 74 Mo. App. 507, s. c., 147 Mo. 129. (4)  By the terms of the act of Legislature of Illinois under which the defendant was organized and doing business, the defendant was not required to do business under the lodge system, with ritualistic form of work and representative form of government and it  is not

in the power of the superintendent of insurance of this State to exempt corporations or associations doing life insurance business on the assessment plan from the provision of our statute relating to suicide as a defense.   (5)   Under the laws of the State of Illinois under which the defendant is organized, the defendant is authorized to make its policy payable to "devisees or legatees of deceased members," and the member might in the first instance take out a policy payable to a stranger.   Benefit Ass'n v. Bunch, 109 Mo. 577; Benefit Ass'n v. Blue, 120 Ill. 121.   (6)   The replication of plaintiff was no departure from her original petition.

BROADDUS, J.—The plaintiff's cause of action is founded upon an insurance policy denominated a "benefit certificate" issued by the defendant to one Charles F. Baltzell, plaintiff's husband, she being the beneficiary, said policy being dated December 5, 1899. The sole defense was that the insured committed suicide thereby avoiding the policy.   At the close of the case, after all the evidence on both sides had been introduced, the court instructed the jury to find for the plaintiff.   The jury returned a verdict for $3,082.50, the amount of the policy and interest, upon which judgment was rendered and defendant appealed.

The certificate in question with the application of deceased to become a member and for insurance was in evidence, but no part of the by-laws that would throw any light on the question was introduced.   There was no dispute as to the death of plaintiff's husband and it was admitted that due and timely proof had been made of such fact.   There was also evidence that the deceased came to his death by his own hands.   The certificate in question on which the suit is founded is headed as follows:

"Number 574217.     Age 33.     Amount $3,000

*"Benefit Certificate.*

"Modern Woodmen of America, a Fraternal Bene-
ficiary Society, Incorporated, Organized, and Doing
Business Under the Laws of the State of Illinois,
Hereby Certifies": Then follows, viz.: "That Neigh-
bor Charles Franklin Baltzell, a member of Red Wood
Camp, No. 4755, of the Modern Woodmen of America,
located at Carterville, in the county of Jasper, and
State of Missouri, is, while in good standing, entitled
to the privileges of this society, and his beneficiaries
hereinafter named shall, in case of his death while a
beneficial member of this society in good standing, be
entitled to participate in the benefit fund of this society
to the amount of three thousand dollars, to be paid to
the said beneficiary, . . . provided, however, that
all the conditions contained in this certificate, and the
by-laws of this society, as the same now exist, or may
be hereafter modified or enacted, shall be fully com-
plied with." There was also a clause in the certificate
exempting defendant from liability in case the assured
died by his own hands. And it was further provided:
"If payments assessed against said member are not
paid to the clerk of the camp of which he is or hereafter
may be a member on or before the first day of the
month following the date of the notice of levy of the
same, then this certificate shall be null and void, and
shall so continue of no effect until payment is made in
pursuance of the requirements of the by-laws," etc.

The application which is by the terms of the certifi-
cate a part of the same, is headed as follows:

"Application for membership and benefits in Mod-
ern Woodmen of America. A fraternal beneficiary
society, incorporated, organized and doing business
under the laws of Illinois.

"Carterville, State of Missouri.

"To the Head Camp Modern Woodmen of Amer-

ica, and to the members of Red Wood Camp No. 4755, located at Carterville, county of Jasper, State of Missouri." And then follows the application.

It was shown by the certificate of the state insurance commissioner that defendant had authority at all times to do business as a fraternal beneficiary association in the State under the statutes.

The plaintiff, over the objection of the defendant, was permitted to introduce its certificate of incorporation under the laws of the State of Illinois, dated May 5, 1884. Said certificate recites that defendant was incorporated in accordance with the provisions of "an act to provide for the organization and management of corporations or societies for the purpose of furnishing life indemnity or pecuniary benefits to widows, heirs, relations and devisees of deceased members, or accident or permanent disability indemnity to members thereof, approved June 18, 1883."

The act of the Illinois Legislature aforesaid under which defendant was incorporated recites as follows: "That corporations, associations, or societies for the purpose of furnishing life indemnity or pecuniary benefits to the widows, orphans, heirs, or relatives by consanguinity or affinity, devisees or legatees of deceased members or accident or permanent disability to members thereof, and where members shall receive no money as profit, and where the funds for the payment of such benefits shall be secured in whole or in part, by assessments upon the surviving members, may be organized subject to the conditions hereinafter provided." The foregoing was all the testimony pertinent to the question involved.

There is nothing in the policy and the application other than the statement in each that the defendant was "a fraternal beneficiary society," and that the certificate was a "benefit certificate," that discloses the character of the organization, further than that it

was a mutual insurance company of some kind, the
purpose of which was to secure to the plaintiff, as the
wife of the insured, the payment of $3,000 upon in-
sured's death—payment to be made out of the "bene-
fit funds" of the society.

It was held in Logan v. Ins. Co., 146 Mo. 114:
"The calling of a contract of insurance an accident,
tontine, ordinary life, or bond investment policy, does
not make it any the less a policy of life insurance, nor
remove the policy from the operation of the statute.
. . . Nor is the liability of the company in anywise
affected by its name. That is determined by the char-
acter of its contract of insurance, and by those con-
tracts the law places the company in its proper class."
Aloe v. Fidelity Mutual Life Ass'n, 164 Mo. 675. And
it is admitted that the certificate of the insurance com-
missioner authorizing defendant to do business in the
State as a fraternal beneficiary association has no force
in determining the character of defendant's organiza-
tion.

The question presented here is somewhat different
from those under consideration in Logan v. Ins. Co.,
and Aloe v. Ins. Co., supra, by reason of certain pro-
visions of the statute relating to fraternal benefit as-
sociations, which defines what it takes to constitute
such an association. See sec. 1408, R. S. 1899. And
also by reason of the provisions in sections 1409-1411,
idem, requiring the performance of certain acts upon
the part of foreign companies, like the defendant, be-
fore they shall be admitted to do business in the State
with the benefits granted to such associations.

Notwithstanding the rule laid down that the char-
acter of the insurance is to be determined by the con-
tract as contained in the policy itself, the further ques-
tion is raised whether the defendant, under the statute,
was a "fraternal beneficiary association?" And that
is a question which can be determined alone by its char-
ter, or the law under which it was organized. Said

section 1408 is as follows: "A fraternal beneficiary association is hereby declared to be a corporation, society or voluntary association, formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit. Each association shall have a lodge system with ritualistic form of work and representative form of government, and shall make provision for the payment of benefits in case of death. . . . The fund from which the payment of such benefits shall be made, and the fund from which the expenses of such association shall be defrayed shall be derived from assessments or dues collected from its members. Payments of death benefits shall be to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon, the member." Such associations as come "within the description as set forth" in said section are permitted to do business in the State as fraternal beneficiary associations. See secs. 1409-1410, supra. And it could not avail the defendant, even if its policy showed that it was such an association, unless it was such in fact as shown by its organization, whether it be by incorporation or by voluntary association.

The question raised here goes to the right of the defendant independent of the terms of the policy, which is silent in that respect, to do business in the State as a fraternal beneficiary association. And this question does not involve the right of defendant to do business in the State as an insurance company, but whether it is entitled to the benefits and exemptions of said statute, or subject to the statute regulating other insurance companies. By the terms of the said act of the Illinois Legislature, under which the defendant was organized, it was not required to do business under a "lodge system with ritualistic form of work and representative form of government," which is a part of the description of an association of the kind under consideration, and to which description it must conform

under the statute to entitle it to operate under the provisions of the statute. And further, its organization does not conform to the requirement of the statute in this, that it is permitted to issue policies payable to the *devisees* or *legatees* of a deceased member, which in fact amounts to the same as the right to issue policies to a stranger. Masonic Benevolent Ass'n v. Bunch, 109 Mo. 560; Benefit Ass'n v. Blue, 120 Ill. 121. In our opinion, the fact that the defendant may be a fraternal beneficial association can give it no rights under the statute pertaining to such associations unless it be such as meet the description required by said sections 1408, 1409, 1410. And as the law under which it was organized, as we have seen, is not in harmony with our statute, it must be classed as other insurance companies. The defendant's able counsel seemed to appreciate the gravity of the question and sought to exclude the evidence of its incorporation and the law which gave it life, as will be seen further on in this opinion.

The defendant, however, insists that the court committed error in admitting the statute of Illinois in evidence under the pleadings. This insistence is based upon the claim that plaintiff's action is against a fraternal beneficiary association and that because said statute was pleaded in the plaintiff's reply, it was a departure from the original petition. It is true that the suit is against the "Modern Woodmen of America" yet there is nothing in the petition itself that can be construed into an allegation that defendant is such an organization. The court can not assume, by reason of its name, that the defendant was an organization of the kind claimed. The defendant's answer alleged that it was such an organization, then alleged the death of deceased by his own hands as a defense. Whereupon plaintiff filed her reply denying the allegations of defendant's answer, and pleaded the statute of Illinois in question, as she was required to do under the law

Vol 98 app—11.

if she intended to introduce them in evidence; for it is a familiar rule of practice that a party to a suit in order to avail himself of a foreign statute must plead it. The plaintiff's reply, therefore, did not constitute a cause of action against the defendant, for that rested within the petition, but it was meant to meet the allegations of the answer that it was not an insurance company but a fraternal beneficiary association. The petition stated a good cause of action and the one upon which the finding and judgment are founded. All the allegations of the petition were practically admitted, the sole defense being, as already stated, that the defendant was not liable because the deceased committed suicide, which rendered the policy void. The reply, in pleading said statute, only put defendant's defense in issue. The many authorities cited by defendant governing pleading, therefore, have no bearing.

It follows from what has been said that the defendant *under the evidence produced* is not a fraternal beneficial association within the description as required by said sections 1408, 1409, 1410, Revised Statutes, and can not therefore avail itself of the defense that the deceased committed suicide and thereby avoided the policy. For the reasons given the cause is affirmed. All concur.