## SARAH F. HUDNALL, Appellant, v. THE MODERN WOODMEN OF AMERICA, Respondent.

Kansas City Court of Appeals, November 23, 1903.

1. BENEFIT SOCIETIES: Statutory Construction: General Insurance Laws. Under the revision of 1889, as well as section 1396, Revised Statutes, 1899, foreign fraternal beneficiary associations. are not included, since those statutes refer solely to domestic societies.

2. ———: ———: Foreign Associations: General Insurance Law. Under section 1408, Revised Statutes, 1899, all fraternal beneficiary associations, foreign or domestic, are placed upon the same footing and exempt from the provisions of the general insurance laws provided they comply with the provisions of said section.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

*W. K. Amick* for appellant.

(1) Defendant being a foreign fraternal benefit society can not avail itself of the defense of suicide. Secs. 1396 and 1408, R. S. Mo. 1899; Kern v. Legion of Honor, 167 Mo. 471. (2) Such was the law prior to the act of 1897. Laws 1899, p. 132; Secs. 2823 and 2824, R. S. 1889; Kern v. Legion of Honor, 167 Mo. 471. (3) This law has never been changed, for by the act of 1897 (Laws 1897, p. 132), sec. 2824, R. S. 1889, was re-enacted, and it is known as section 1396 in the revision of 1899, or as section 15a in the session acts of 1897, p. 137. Sec. 2823, R. S. 1889, was also re-enacted, and is known as Sec. 1408, R. S. 1899, or as section 1 in the session acts of 1897, p. 132. (4) Since the passage of the act of 1897 (Laws 1897, p. 132), Sec. 1396, R. S. 1899, has never been brought to the attention of the court in deciding any case as to whether foreign fraternal benefit societies were exempted from Sec. 7896, R. S. 1899, of the general insurance laws.

*Allen & Mayer* for respondent.

(1) Fraternal beneficiary associations are expressly exempted from the operation of the general insurance laws. Sec. 1408, R. S. 1899. (2) Fraternal beneficiary associations organized under the laws of other States are given the same exemption. Secs. 1408, 1409 et seq., R. S. 1899; McDermott v. Modern Woodmen, 71 S. W. 833; Shotliff v. M. W. of A., 73 S. W. 326; Brassfield v. Knights of Maccabees, 92 Mo. App. 102; Brasfield v. Modern Woodmen, 88 Mo. App. 208; Morton v. Royal Tribe of Joseph, 93 Mo. App. 78. (3) The case of Kern v. Legion of Honor, 167 Mo. 471, relied upon by appellant, does not affect the case at bar. McDermott v. Modern Woodmen, 71 S. W. 833.

BROADDUS, J.—This is an action on a life insurance policy numbered 524567, issued June 29, 1899,

by the Modern Woodmen of America for $2,000 to Claude W. Hudnall, benefits payable at his death to his wife, Sarah F. Hudnall. The defendant was a foreign fraternal beneficiary society under the laws of the State of Illinois. On the 22d day of May, 1901, Claude W. Hudnall died at Buchanan county. Defendant alleges in its answer that he committed suicide, but does not allege that he contemplated suicide at the time he made application for the policy. The policy contained the following clause: " . . . or if he (Hudnall), shall within three years after becoming a beneficial member of this society die by his own hand, sane or insane . . . then this certificate shall be null and void and of no effect." The by-laws of the defendant corporation contained the same clause. The defendant, in its answer, admitted execution of the policy, payment of dues, proof of loss and everything to make plaintiff's case and entitle her to a judgment, but sought to avoid payment on the policy by alleging that Claude Hudnall died by his own hand. At the trial of the cause the court held that suicide was no defense in this suit, because the defendant was a foreign society, and that defendant did not allege in its answer that Hudnall contemplated suicide at the time he made application for the policy. The court refused to permit defendant under its answer to offer any evidence of suicide. Under the instructions the jury found a verdict for plaintiff for the face of the policy ($2,000) and $160 interest, making in all $2,160. After verdict, and in due time, defendant filed its motion for a new trial. In passing on this motion the court held that it had erred in refusing to allow defendant to avail itself of the defense of suicide as pleaded in its answer and granted a new trial. From this action and order of the court in granting a new trial plaintiff prosecutes this appeal.

But one question is presented by the record and that is, was the defendant as a foreign beneficial society authorized to do business as such in this State under

exemption from the provisions of the general insurance laws? It is agreed that from the date of the revision of the laws of Missouri in 1889 until the act of March 6, 1897, foreign fraternal beneficial societies were not authorized to do business as such in this State, but were governed by the provisions of the general insurance laws. It is plaintiff's contention that the later act did not change the status of such societies and that they continued subject to said general insurance laws, under which suicide is no defense on an insurance policy unless it be shown that the insured contemplated suicide at the time he obtained his policy.

Article XI, Revised Statutes 1899, entitled "Benevolent, Religious, Scientific, Fraternal, Beneficial, Educational and Miscellaneous Associations" provides how these different kinds of organizations may be incorporated under section 1408 thereof, and defines what shall constitute a fraternal beneficiary association. Section 1396 provides the method by which the foregoing associations so organized under said article may avail themselves of the benefit of section 1408 and become also fraternal beneficiary associations. The language of said section is as follows: "Any such society, order or association heretofore or hereafter incorporated under the provisions of the laws of this State may avail itself of the benefits of the foregoing section (1408) by amending its constitution or articles of association or re-incorporating thereunder, or by an amended constitution or amended articles of association in the manner prescribed by this act."

Plaintiff contends, and justly, that said section refers alone to domestic institutions. There seems to be no ambiguity in its language. Seemingly, it should have followed in order next after section 1408, instead of section 1395. This section was substituted for sections 2823-2824, Revised Statutes 1889. The object of the first was to enable fraternal beneficiary societies to provide for the families of deceased persons, etc., and

to exempt them from the provisions of the general insurance laws of the State; the second to enable domestic associations to avail themselves of the provisions of the former section. It was held that under said revision foreign fraternal beneficiary associations were not exempt from the provisions of the general insurance laws. Kern v. Legion of Honor, 167 Mo. 471.

The argument of the plaintiff, that as section 1396 of the revision of 1899 (laws 1897) is in effect the same as section 2824, Revised Statutes 1889, that foreign beneficial associations remain subject to the general insurance laws, would be good if the question depended alone upon a construction of said section. In the revision of 1889, foreign fraternal beneficiary associations are not included in said act and the section in that revision and section 1396 in the revision of 1899 refer solely to domestic societies.

But under section 1408, Revised Statutes 1899 all fraternal beneficiary associations, whether foreign or domestic, are placed upon the same footing and are exempted from the provisions of the general insurance laws. And section 1409 authorizes all such whether foreign or domestic institutions heretofore doing business in this State to so continue, provided they comply with the provisions of said section. And section 1410 authorizes such foreign associations not then doing business in this State to do so by complying with the requisitions of said section. The question has been passed upon recently by the St. Louis Court of Appeals in which the same view is entertained. McDermott v. M. W. of A., 97 Mo. App. 636; Shotliff v. M. W. of A., 73 S. W. 326. The cause is affirmed. All concur.