SARAH C. PAULEY, Respondent, v. MODERN WOODMEN OF AMERICA, Appellant.

Kansas City Court of Appeals, May 8, 1905.

1. **BENEFIT SOCIETIES: Illinois Statute: Amendment: Beneficiaries: Missouri Statute.** A benefit society organized under the Illinois act of 1883 becomes under the amendment of 1901 a benefit society with beneficiaries corresponding to the Missouri statute, and should be considered as a fraternal society, since the amended law is its charter and determines its character.

2. ————: **Misrepresentations: Warranty: Forfeiture.** A provision in a benefit certificate that if a holder engage in the sale of liquors the certificate should be forfeited is in the nature of a warranty of his future course of conduct, and his violation thereof precludes a recovery on the certificate without regard to the action of the local camp or its secretary.

Appeal from Putnam Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

REVERSED.

*Benj. D. Smith* and *Tunnell & Hart* for appellant.

(1) The defendant, Modern Woodmen of America, is a fraternal beneficiary society as defined by the fraternal beneficiary law of the State of Illinois approved and in force July 22, 1893, and is now doing business in the State of Illinois under the said act. Bastain v. Modern Woodmen, 166 Ill. 595, 46 N. E. 1090; McDermott v. Woodmen, 97 Mo. App. 636. (2) Class of insurance company and character of the insurance is to be determined from the entire contract of insurance, which in this case consists of the articles of incorporation, the bylaws of appellant and the benefit certificate. McDonald v. Ins. Co., 154 Mo. 626; Toomey v. Ins. Co., 147 Mo. 139; Logan v. Ins. Co., 146 Mo. 114. (3) A condition of the benefit certificate is that if Pauley engaged in the sale of liquor or became intemperate that the certificate thereby became void and that this being a condition it is immaterial for the purposes of this defense whether the appellant is entitled to the privileges peculiar to fraternal beneficiary associations or not. "Any violation of any condition of a policy absolutely forfeits it." Richards on Insurance (2 Ed.), p. 62, sec. 52; Bliss on Life Insurance (2 Ed.), sec. 207-208; 16 Am. and Eng. Ency. of Law (2 Ed.), p. 854; Aloe v. Ins. Assn., 147 Mo. 561.

*T. B. Davis, Higbee & Mills* and *N. A. Franklin* for respondent.

(1) By section 1408, each association is required to have a lodge system, with ritualistic form of work, and shall make provision for the payment in case

of death of its members—that is of all its members; it cannot have a class of members who shall be denied death benefits, as are the class of social members, as averred in defendant's answer. Payment of death benefits shall be to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the member. The certificate of incorporation of defendant, read in evidence by defendant, provides that death benefits may be paid to devisees of members. Baltzell v. M. W. A., 98 Mo. App. 153, 161, and cases cited. (2) The benefits of section 1408, R. S. 1899, exempting foreign fraternal beneficiary societies from the general insurance laws of this State are expressly confined to societies coming within the description of said section. (3) The burden of alleging and proving exemption from the general insurance laws of the State is upon the appellant. It avers that it is an Illinois corporation. The law of that State which determines its character and classification is a fact which should have been pleaded and proven by appellant. It did neither. Kern v. Legion of Honor, 167 Mo. 471, near foot 484. (4) The defendant did not plead that the statements, representations or warrants of John M. Pauley, or his alleged subsequent sales of liquor contributed to his death, nor did it deposit the premiums received by it from the deceased policy holder; hence, under sections 7890 and 7891, R. S. 1899, the court did not err in excluding evidence tending to prove misrepresentations or breaches of warranties, or in refusing instructions presenting such theories. Kern v. Legion of Honor, 167 Mo. 471, 484, 485, 487. (5) Warranties are affirmative and promissory; the latter have respect to future conduct. Pauley, it is alleged, warranted that he was not at the time he applied for membership engaged in selling liquor; that was an affirmative warranty; and that he would not engage in the sale of liquor; that was promissory. 16 Am. & Eng. Ency. Law

(2 Ed.), 920. Suppose Pauley had been engaged in the sale of liquor at the time he took his policy; would that be a defense to this action? If he engaged in the business after taking out his policy, would that be a defense, it being conceded it did not contribute to his death? Jenkins v. Ins. Co., 171 Mo. 375. (6 ) Pauley had a vested right of property in his policy, as well as plaintiff, his beneficiary, of which neither can be deprived without due process of law. Pulford v. Fire Dept., 31 Mich. 458; Purdy v. Life Assn., 101 Mo. App. 91; 5 Am. & Eng Ency. Law (2 Ed.), 89; Trust & Savings Co. v. Lumber Co., 118 Mo. 447, 457, and cases cited.

BROADDUS, P. J.—The plaintiff, widow of John M. Pauley, deceased, sued defendant, as an Illinois corporation authorized to do business in this State as a life insurance company, upon a policy issued by it on the life of said Pauley on December 10, 1901, for the sum of $2,000, payable to plaintiff on the death of the assured. Pauley died December 24, 1903, from the effect of an accidental gunshot wound.

The answer of defendant avers that it is a fraternal benefit association, organized under the laws of the State of Illinois; that its membership is divided into two classes—social and beneficial, the latter only receiving benefits of the association; that said Pauley, deceased, made certain misrepresentations in the application for his policy, and violated certain conditions thereof against the sale of liquor as a beverage; that the clerk of defendant's local camp, having learned thereof, refused to accept any further dues or assessments from him; that deceased did not tender any dues or assessments thereafter; and that thereby said policy or benefit certificate, as it is called, became null and void. The answer also sets out certain by-laws of defendant whereby membership becomes forfeited by a member engaging in the sale of liquor, and prohibiting the clerk from re-

ceiving dues or assessments from liquor selling members, and providing for an appeal from the action of the clerk in refusing such dues or assessments to the local camp. And further, that said Pauley failed to appeal from the action of the clerk in refusing such dues.

The plaintiff's reply consisted of a general denial. It also stated that the assured tendered full payment of assessment number two on March 1, 1903, which was refused; and that thereafter, without any notice to him or knowledge on his part, the local camp of defendant, in fraud of plaintiff's rights, wrongfully and without authority suspended said Pauley from membership for the false and pretended reason that he had failed to pay his said assessment number two, and for no other reason; and that defendant is *and was at the time of the issuance of the benefit certificate herein sued upon, existing and doing business* under the act of the Illinois Legislature approved *and in force* June 22, 1893, by which it was authorized to write insurance or furnish life indemnity or pecuniary benefits to *families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon the member, with the additional proviso that a member having no wife or children living might, with the consent of the society, make a charitable institution his beneficiary.*

On the trial the death of Pauley was admitted and that defendant did not seek to avoid the policy "because of the manner or the cause of his death." The clerk of the local camp testified that there was an assessment due from Pauley about March 1, 1903; that he met him and, "he said it is about time to pay up," and witness said: "John, I can't take any more money from you for your assessments because you are in the liquor business." The benefit certificate contained the following provision: "If the member holding this certificate shall become intemperate in the use of alcoholic drinks, or in the use of drugs or narcotics, or if he shall be or be-

come engaged in the sale of malt, spirituous or vinous liquors to be used as a beverage. . . . this certificate shall become null and void and of no effect, and all moneys which have been paid and all rights and benefits which may have accrued on this certificate shall be absolutely forfeited," etc. It was shown that at the time the certificate was issued Pauley was a farmer, but in the year 1903 he went into the drug business, and at the same time engaged in the sale of the prohibited liquors to be drunk as a beverage.

Defendant offered to prove that three payments or quarterly dues fell due between the time Pauley was suspended and the date of his death, and that he acquiesced in the action of the clerk in refusing to receive his said assessment. These offers were refused by the court. It was shown that defendant was incorporated under an act of the Illinois Legislature enacted in 1883, which provided that, a member of the society might make a devisee or legatee his beneficiary, and that it was later reorganized under a subsequent act of the legislature enacted in 1893. There was still a later enactment to be found in the revision of the laws of that State for the year 1901 which was in force when the policy in question was issued. This last act which is the act of 1893 as amended to the year 1901, provided for the organization of fraternal beneficiary associations of the description provided for in section 1408, Revised Statutes, Mo., 1899, in every important particular, except that it provides in addition, "that a member having no wife or children living may, with the consent of the society, make a charitable institution his beneficiary." This act provides that all societies coming within its description, organized under the laws of that or any other State, shall be considered duly organized and may continue business as such. The court tried the case on the theory that defendant was not a fraternal benefici-

ary association under the laws of the State of Missouri, but an old line insurance company.

Notwithstanding defendant was organized to do buiness under the Illinois act of 1883, and afterwards reorganized under the laws of 1893, the former of which provides for a class of beneficiaries different from that provided for by the latter and section 1408, Revised Statutes, Mo., 1899, it should be regarded as an association existing and doing business under Act of 1893, as amended and brought down in the laws of 1901. The language of this last-mentioned act of the Legislature of Illinois, that societies coming within the description of the act and then doing business in the State should be considered duly organized and might continue business, meant to include all societies of that kind or character, without reference to details or beneficiary classes. The latter law became defendant's charter for doing business, and notwithstanding it was incorporated under former enactments, it was no longer governed by them. Defendant made application and was granted permission by the proper authorities to continue its business in the State, and in every other respect complied with the terms of the statute.

The case of Baltzell v. Modern Woodmen, 98 Mo. App. 153, is relied on for authority to sustain the action of the court in holding that defendant is not a fraternal beneficiary society under section 1408, Revised Statutes, Mo., 1899. In that case it was held that defendant, organized and doing business under the Illinois statute of 1883—which was in evidence—was not such a society as is contemplated by our statute because the society was permitted under said statute to issue policies to devisees or legatees of deceased members. It will be seen that under the law, defendant as then organized if permitted to do business in the State, it would operate to defeat the cardinal intent of section 1408 designating beneficiaries. It was possible for the

members of the society by will to evade every class of such beneficiaries and to substitute a stranger—one who was not a member of the family, heir, blood relation, affianced wife or dependent. It was such a radical departure from the letter and spirit of the Missouri statute that the court was constrained to hold that the defendant, under the circumstances, was not authorized to do business in the State as a fraternal society.

But the law under which the defendant was acting at the time the certificate in question was issued is not subject to the objection existing in the Baltzell case. As has been said, the character of the organization under consideration and that required by section 1408, supra, are the same, and the classes of beneficiaries provided for are the same, with the single exception that under the Illinois statute a member having no wife or children living may, with the consent of the society, make a charitable institution his beneficiary. The contingent beneficiary provided for does not have the effect of nullifying in any important particular the provisions of the Missouri statute and is not in conflict with its purpose. It is not an unconditional provision and can only be effective with the consent of the society itself. It was such a contingency as would rarely, if ever, arise because of the impracticability of getting the consent of the society. Should a case arise the court would disregard the provision and hold the certificate to be without the protection of the statute, as was done in Herzberg v. Modern Brotherhood of America, decided at this term. "The beneficiaries of such certificate must be of the class or classes named in that statute." [Masonic Benefit Assn. v. Bunch, 109 Mo. 560; Keener v. Grand Lodge, 38 Mo. App. 543.] We do not think the mere addition of another class of beneficiaries, which did not have the effect to evade the provisions of section 1408, supra, would justify us in holding that defendant was not a fraternal society, but, in effect, an old line insur-

ance company doing business in this State. It follows, therefore, that the court erred in holding that defendant was an old line insurance company and governed by the general laws regulating insurance. [Hudnall v. Modern Woodmen, 103 Mo. App. 356; McDermott v. Modern Woodmen, 97 Mo. App. 636.]

"The proviso that no misrepresentations made in obtaining or securing a policy of insurance on the life of a citizen of this State shall be deemed material or render the policy void, unless the matter misrepresented shall have actually contributed to a loss on the policy (Revised Statutes 1899, section 7848), is not contained in the article on fraternal beneficial societies, but in the one on ordinary insurance, and is not binding on fraternal societies." [McDermott v. Modern Woodmen, supra; Jacobs v. Ins. Co., 142 Mo. 49; Hanford v. Benefit Assn., 122 Mo. 50; Haynie v. Knight Templars, 139 Mo. 416; Whitmore v. L. of H., 100 Mo. 36.] It was a part of the contract of insurance that if Pauley, *inter alia*, should be, "or become engaged in the manufacture or sale of malt, spirituous or vinous liquors to be used as a beverage," etc., in any capacity, then the certificate of insurance should be null and void, "and all moneys paid out and all rights and benefits which may have accrued" under the same "shall be absolutely forfeited." When Pauley engaged in the sale of liquors to be used as a beverage he violated his contract, which had the effect of rendering the policy void, notwithstanding his acts in that respect did not in any way contribute to his death. It was one of the conditions on which the policy was issued to him, and any such violation forfeits the policy. [Bliss on Life Ins. (2 Ed.), sec. 207; Richardson v. Ins. Co.] The agreement amounted to a warranty of his future course of conduct. [Hanford v. Ins. Co., supra; McDermott v. Modern Woodmen, supra.] And because the local camp declared Pauley suspended for failure to pay his dues does not affect the question, as

.113 App—31.

the defendant has pleaded and proved that he violated the warranties of his policy not to engage in the sale of liquors as a beverage. It was such a defense as was available at any time and not dependent upon any action of the clerk or the local camp of which deceased was a member. The indisputable facts disclosed at the trial precluded plaintiff from the right to recover. This conclusion avoids the necessity of reviewing the action of the court in refusing to admit the testimony offered.

Cause reversed. All concur.