ARMSTRONG, Respondent, v. MODERN BROTHERHOOD OF AMERICA, Appellant.

St. Louis Court of Appeals, June 23, 1908.

1. **INSURANCE: Fraternal Beneficiary Associations: Definition.** A fraternal beneficiary association as defined by section 1408, Revised Statutes 1899, is one organized for the sole benefit of its members and their beneficiaries and not for profit, has a lodge system with a ritualistic form of work and a representative form of government; the clause of the section naming the beneficiaries, to whom death benefits should be payable, should not be regarded as a part of the definition of fraternal beneficiary societies.

2. ———: ———: Foreign Beneficiary Societies. Where a fraternal beneficiary association, organized under the laws of another State, was authorized to do business in this State, by having complied with section 1410, Revised Statutes 1899, although the law of the State under which it was organized authorized the payment of benefit certificates to classes not recognized as beneficiaries under the laws of this State, it was entitled to the exemption from the general insurance law contained in section 1408. The defense of suicide provided for in a benefit certificate, issued by such order, could be maintained against an action on such certificate, where the beneficiary belonged to a class recognized by the law of this State. Had the certificate designated as a beneficiary one of a class not recognized by the law of this State, such designation would be treated as *ultra vires.*

Appeal from Ralls Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND CERTIFIED TO SUPREME COURT.

*Roy & Hays* and *Ball & Sparrow* for appellants.

*E. L. Alford* and *J. O. Allison* for respondent.

NORTONI, J.—This is a suit on a certificate of life insurance issued by a fraternal beneficiary association. Plaintiff recovered and defendant appeals. The question involved for decision is whether the association is one of that character exempted from the general insurance laws of this State, under the provisions of section 1408, Revised Statutes 1899. The beneficiary certificate sued upon contained a provision exempting the society from liability in event the insured took his own life, whether sane or insane. The insured committed suicide. The defendant invoked the stipulation in the insured's application and the provisions of its certificate exempting it from liability in case of suicide. The court nevertheless gave judgment against it for the amount of the plaintiff's claim on the theory that the association could not relieve itself from responsibility in

that behalf for the reason it was not such a fraternal association as is exempted from the operation of our suicide statute which provides, substantially, that suicide shall be no defense to an action on a life insurance policy unless it be made to appear that the insured contemplated taking his own life at the time the policy was issued.    There is no claim whatever in this case that the insured contemplated suicide at the time of entering into the contract in suit.    The matter is therefore to be determined by reference to and the construction of our statutes exempting fraternal societies from the operation of the general insurance statutes of the State, among which is the statute on suicide above referred to.

The defendant is a beneficiary society, incorporated under the laws of the State of Iowa, and was duly admitted by the commissioner of insurance of this State to prosecute its calling here.    The insured became a member of one of its subordinate lodges located at Perry, Missouri, in November, 1892; and on the 26th day of that month, received his certificate payable to the plaintiff, his wife, whom he designated therein as his beneficiary.    The insured paid all of his assessments and was in good standing at the time of his death, March 1, 1905, on which date he committed suicide. Proofs of death having been properly made and submitted, the defendant declined to pay the amount of the certificate for the reason stated, and the plaintiff, the insured's widow, instituted this suit.    Under the law of the State of Iowa, constituting the charter of the defendant association, it is authorized to issue certificates of insurance payable to the same classes of beneficiaries mentioned in the Missouri statute, sec., 1408, R. S. 1899, and one other class of beneficiaries as well; that is to say, the Iowa statute authorizes the defendant to issue certificates of insurance payable to the personal representatives of the insured.    Because

of this deviation from the Missouri statute, the circuit court gave judgment to the effect that the defendant association was not exempted from the operation of our statute on suicide.    The Missouri statute dealing with the question of the defense of suicide on life insurance policies, is as follows:

"In all suits upon policies of insurance on life hereafter issued by any company doing business in this State, to a citizen of this State, it shall be no defense that the insured committed suicide, unless it shall be shown to the satisfaction of the court or jury trying the cause, that the insured contemplated suicide at the time he made his application for the policy, and any stipulation in the policy to the contrary shall be void." [Sec. 7896, R. S. 1899.]

This statute, of course, becomes parcel of every life insurance contract entered into within this jurisdiction, unless the institution issuing the contract of insurance or the contract itself is exempted therefrom by other competent provisions of our statute law.    It is a well-known fact that fraternal beneficiary associations engaged in the life insurance business are organized and conducted for the purpose, among others, of affording to the members thereof, indemnity against death, payable to designated beneficiaries, at a much lower rate of compensation to the insurer than is customary for life insurance in the regular companies.    In aid of this idea, the legislative authority of the State has provided that associations complying with our laws and falling within the prescribed designation, shall be exempted from the harsher and more rigorous provisions of the statutes respecting life insurance generally, and therefore it is competent for such beneficiary societies to contract with their members, exempting the society from liability in case the insured shall come to his end by self-destruction, as in this case.    And therefore the question as to whether the contract of insur-

ance issued by this society, is to be determined by reference to the principles of the common law in that behalf and enforced as a common law contract, unincumbered with the suicide statute, is to be ascertained and determined with reference to our statute affording a definition of a fraternal insurance association. That statute, sec. 1408, R. S. 1899, is as follows:

"A fraternal beneficiary association is hereby declared to be a corporation, society or voluntary association, formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit. Each association shall have a lodge system, with ritualistic form of work and representative form of government, and shall make provision for the payment of benefits in case of death, and may make provision for the payment of benefits in case of sickness, temporary or permanent physical disability, either as the result of disease, accident or old age, provided the period of life at which payment of physical disability benefits on account of old age commences, shall not be under seventy (70) years, subject to their compliance with its constitution and laws. The fund from which the payment of such benefits shall be made, and the fund from which the expenses of such association shall be defrayed shall be derived from assessments or dues collected from its members. Payments of death benefits shall be to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the member. Such associations shall be governed by this act and shall be exempt from the provisions of the insurance laws of this State, and shall not pay a corporation or other tax, and no law hereafter passed shall apply to them unless they be expressly designated therein. And such fraternal beneficial association may create, maintain, disburse and apply a reserve or emergency fund in accordance with its constitution or by-laws."

It will be observed that among other things, the statute provides, "such association shall be governed by this act and *shall be exempt from the provisions of the insurance laws of this State.*"    Sec. 1410 authorizing non-resident associations to enter the State of Missouri and qualify to conduct their business here provides, among other things:   "Any such association coming within the description as set forth in section 1408 of this article, organized under the laws of any other State," etc., etc., may qualify and conduct its business here by complying with the conditions therein prescribed.    Upon so qualifying, such foreign institutions become privileged as domestic concerns.    There is no controversy as to the facts with respect to the case now under advisement.    It stands conceded that the defendant is a fraternal beneficiary association, organized and chartered under the laws of the State of Iowa; that it conducts its business solely for the benefit of its members and not for profit; that it obtains its funds by means of dues and assessments, authorized both by the statutes of Missouri and Iowa; that it has a lodge system of government and a ritualistic form of work; that the element of fraternity pervades its entire scope and it is in all things a fraternal beneficiary association, identically as such are defined by our Missouri statute, except its members are authorized  under its charters, the Iowa statute, to designate a beneficiary from another and additional class than those prescribed by the Missouri statute; to-wit: the personal representatives of the insured, and the association is authorized to issue certificates payable to such   representatives. There are several cases in Missouri announcing the doctrine that even though associations like this one are fraternal in every respect, they are not exempt from our insurance laws if they are authorized by their charters to issue certificates of insurance to a class of beneficiaries other than those named in the Missouri   statute.

Those cases proceed upon the theory that the particular classes of beneficiaries enumerated in the Missouri statute on fraternal societies (sec. 1408, supra), are parcel of the definition of such fraternal societies as are exempt from the operation of our general insurance laws.    In other words, they announce the  doctrine  that  even though the association may be fraternal in every respect, it is not fraternal in the contemplation of our statute if it is authorized to issue certificates payable to any class of persons other than those given in section 1408 supra.    The cases mentioned assert another doctrine to the effect that even though the association is fraternal and falls within our statute in every respect other than that mentioned, it is nevertheless a regular old line insurance institution because of this additional charter power to appoint beneficiaries, and therefore comes within the purview of the several statutes provided with respect to regular life  insurance,  among which is the suicide statute supra.    Among these cases is that of Dennis v. Modern Brotherhood of America, 119 Mo. App. 210, 95 S. W. 967, which is identically in point here.    In fact, the suit in that case was against this identical defendant.    The insured had taken his own life in that case and the certificate of insurance was payable to his daughters, a class of beneficiaries authorized by both the Missouri and the Iowa statutes, identically as in this case, except here the wife instead of the daughters, is beneficiary.    The wife is an authorized beneficiary in both the Missouri and Iowa statutes, identically as the daughters were in that case. The Kansas City Court of Appeals adjudged that because the defendant was authorized under its Iowa charter to issue certificates of insurance payable to the personal representatives of the insured, a class unauthorized by the Missouri statute, the association was not exempt from the insurance laws of this State and therefore the

plaintiffs were permitted to recover on the theory that our suicide statute obtained with respect to the matter in judgment, identically as if the institution were a regular old line life insurance company.    Other cases to the same effect decided by that court are Baltzell v. Modern Woodmen, 98 Mo. App. 153, 71 S. W. 1071; Herzberg v. Modern Brotherhood of America, 110 Mo. App. 328, 85 S. W. 986.    This court is not impressed with the reasoning of those cases.    We are persuaded that a reading of the statute above referred to manifests an obvious intention on the part of the legislative authority to exempt fraternal societies from the operation of our insurance laws.    This being true, it is the duty of the court to administer the law in the spirit it was framed.    The court, in construing and declaring the effect of statutes should effectuate the obvious intention of the Legislature; and this doctrine obtains with special force when it appears the intention of the Legislature conserves a wholesome purpose, as here.    The manifest intention of those statutes is to relieve fraternal beneficiary societies so far as practicable, from the burdens on regular life insurance companies and thus aid the purpose of affording insurance at a lower rate. Upon an attentive consideration of section 1408, it appears that the Legislature did not intend that the classes of beneficiaries therein named should be regarded as a portion of the definition of fraternal beneficiary societies in order to exempt them from the operation of the general insurance statutes.    It appears the specification of certain classes of beneficiaries therein operates rather as a limitation upon the power of the association than as a test by which the character of the institution is to be determined.    The legislative authority saw fit to authorize foreign institution of this character to enter the State on certain prescribed conditions.    Upon complying with these conditions, the foreign institution becomes clothed with the privileges of like domestic con-

cerns.    Therefore, in the absence of express stipulation
in the statute to that effect, it certainly ought not to
be presumed the Legislature intended that those foreign
fraternal institutions whose charters authorize benefi-
ciaries in the parent jurisdiction other and distinct from
the domestic statute, were not to be immune from the
general insurance laws as well as those whose charter
provisions were in precise accord with our own.      It
is a fact well known that the charters of those concerns
vary, as they essentially must, with the laws of the sev-
eral states.    It is indeed unjust, because of this fact
over which they have no control, to deny them the privi-
lege accorded other concerns organized in states whose
statutes in this respect conform to those of Missouri.·
It is quite manifest no such result was contemplated.
As we understand it the test of a fraternal beneficiary
association within the meaning of the Missouri statute,
sec. 1408, is that the association must be organized for
the sole benefit of its members and not for profit.    It
should possess a lodge system and representative form
of government with a ritualistic form of work, and con-
fine the issue of its benefit certificates to its members
in favor of such beneficiaries as they may from time to
time, designate, thus placing the benefit within the con-
trol of the member and precluding a vested interest of
the beneficiary, which obtains with respect to regular
life insurance.    This seems to be the opinion of our
Supreme Court on the subject as given in the recent
case of Westerman v. Knights of Pythias, 196 Mo. 607,
701, 94 S. W. 470, 477, in which it is said: "It is only
essential to constitute the defendant a fraternal bene-
ficiary association that it be organized for the benefit of
its members, and not for gain or profit.    It must have
a representative form of government and ritualistic form
of work; having these essential requirements, such as-
sociation is authorized to issue benefit certificates to
any of its members and it is by no means a condition

precedent to make it a fraternal beneficiary association as contemplated by the statute, that it shall issue such benefit certificates to each and every one of the members of the association. The true test as to whether this is a fraternal beneficiary association, is: is it formed or organized and is it to be carried on for the sole benefit of its members and their beneficiaries and not for profit? Has it a lodge system with a ritualistic form of work and a representative form of government?" To the same effect is Tice v. Knights of Pythias, 123 Mo. App. 85, 104, 100 S. W. 519; affirmed by the Supreme Court and reported, Tice v. Knights of Pythias, 204 Mo. 349, 102 S. W. 1013.

Entertaining these views, we are of opinion that the present defendant is a fraternal beneficiary association, notwithstanding the fact that it has authority under its Iowa charter to issue certificates to classes of beneficiaries other than and distinct from those named in the Missouri statute. Of course, a certificate issued by this defendant to a personal representative, as in the case of Herzberg v. Modern Brotherhood of America, 110 Mo. 328, would be *ultra vires* in Missouri as without our law, and the rights of parties under such a Missouri contract, payable to a beneficiary unauthorized by the Missouri statute, would no doubt be determined by reference to the modern doctrine respecting *ultra vires* contracts of fraternal beneficiary associations, as pointed out by Mr. Bacon in his valuable work on Benefit Societies (3 Ed.), sec. 265. Where the charter of a foreign corporation contains a grant of power not afforded by our law, it is the rule to treat the extra grant in that behalf as non-existent, and determine the rights of the parties arising from its unauthorized exercise, with reference to the domestic statute. [State ex rel. v. Cook, 171 Mo. 362, 71 S. W. 829.] And in our opinion, sound judgments have been given to the effect that this doctrine obtains with respect to the exercise of an extra grant of

power to foreign fraternal associations authorizing the issue of certificates to beneficiaries and thus creating contracts *ultra vires* under our statute. [Bysinger v. Sup. Lodge Knights & Ladies of Honor, 42 Mo. App. 627; see also Lloyd v. Modern Woodmen, 113 Mo. App. 19, 87 S. W. 530; Pauley v. Modern Woodmen, 113 Mo. App. 473, 480, 87 S. W. 990; Bacon on Benefit Societies (3 Ed.), sec. 265.] The principal question in judgment here was recently before this court in the case of Lloyd v. Modern Woodmen, 113 Mo. App. 19, and the opinion given by the court was to the same effect as above expressed. It seems also the Kansas City Court of Appeals gave judgment to the same effect in the case of Pauley v. Modern Woodmen, 113 Mo. App. 473, which judgment, although inconsistent with the more recent cases cited from that court, seems not to have been expressly impeached or overruled.

Now in the case at bar, the insured stipulated in his application for insurance that in event he took his own life, the certificate and all rights of insurance thereunder should become forfeited. The certificate of insurance also contained a pointed stipulation to the same effect. This contract was entirely competent under the common law when considered apart from our statute on suicide supra. In view of these facts and the character of the defendant association, plaintiff was not entitled to recover. The judgment will be reversed.

The views herein expressed are in conflict, however, with the judgment of the Kansas City Court of Appeals given on a like question in the case of Dennis v. Modern Brotherhood of America, 119 Mo. 210, and other cases above cited. Therefore the case will be certified to the Supreme Court for final determination. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.