MAGGIE A. PARKER, Respondent, v. SUPREME TENT, KNIGHTS OF THE MACCABEES OF THE WORLD, Appellant.

St. Louis Court of Appeals, June 8, 1915.

1. **TENDER: Sufficiency: Conditions.** In order for a tender to be availed of, it must be unconditional—that is, it must at least be unaccompanied by any condition to which the creditor has a right to object.

2. ————: ————: ————. If a debtor insist that the creditor admit that no more is due, in respect of the debt for which a tender is made, than the amount tendered, when the amount of. the claim is in controversy, the tender is a conditional one and therefore ineffective.

3. ————: ————: ————: Facts Stated. Where a fraternal beneficiary association tendered to the beneficiary of a member who had committed suicide the amount due under the certificate, according to a provision of the by-laws, at a time when there was a difference between the decisions of two of the Courts of Appeals as to whether such limitation of liability was valid, on condition that the beneficiary agree to accept and receipt for the amount in full satisfaction of her claims under the certificate, there being no provision in the by-laws requiring a release in full, the tender was conditional, and hence did not stop the accrual of interest.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas C. Hennings,* Judge.

AFFIRMED.

*R. P. & C. B. Williams* for appellant.

Defendant tendered the correct amount due under the contract and had a right to annex as a condition to such tender that plaintiff would cancel the obligation evidenced by the certificate, and plaintiff's act in afterwards accepting the exact amount previsously tendered and acknowledging that defendant was only liable for such amount at any time precludes the recovery of interest. Engelbach v. Simpson, 12 Tex. Civ. App. 188, 33 S. W. 596; Bailey v. Buchanan, 115 N. Y. 297, 22 N. E. 155, 6 L. R. A. 562; Halpin v. Phoenix Ins. Co., 118 N. Y. 165, 23 N. E. 482; Loughborough v. McNevin, 74 Cal. 250; Storey v. Krewson, 55 Ind. 297, 23 Am. Rep. 668; Buffum v. Buffum, 10 New Hamp. 457; Haywood v. Hartshorn, 55 New Hamp. 476; Henderson v. Cass County, 107 Mo. 56; Johnson v. Cranage, 45 Mich. 18; Wheelock v. Tanner, 39 N. Y. 486; Mankel v. Belscampe, 84 Wis. 218; Strofford v. Welch, 59 N. H. 46; Schaeffer v. Herman, 85 A. 94, 237 Pa. 86.

*Frank H. Haskins* for respondent.

A tender in order to stop the running of interest must be unconditional. If coupled with a condition which the party making the tender has no right to demand, then the tender does not stop the running of interest, even though the party to whom tender is made afterwards accepts the exact amount tendered or even less than the amount tendered. A party making a tender cannot attach to the tender a condition that the amount tendered shall be accepted in full satisfaction of his claim. Henderson v. Cass County, 107 Mo. 56;

Ruppel v. S. & B. Co., 158 Mo. 622; West v. Farmers Mutual Ins. Co., 117 Iowa, 147; Richardson v. Boston Chemical Laboratory Co., 50 Mass. 42; Moore v. Norman, 52 Minn. 83; Plate Glass Co. v. Leary (S. D.), 126 N. W. 271; Mann v. Roberts, 126 Wis. 142; Roosevelt v. Bull Head's Bank, 45 Barb. 579; Sanford v. Buckley, 30 Conn. 344; Thayer v. Brackett, 12 Mass. 465; Wood v. Hitchcock, 20 Wend. 47; Tompkins v. Battie, 11 Neb. 147.

NORTONI, J.—This is a suit on a fraternal benefit certificate of life insurance. Plaintiff recovered and defendant prosecutes the appeal.

The right of recovery to the extent of $583.20 is admitted, but plaintiff insists upon the right to have interest thereon in addition, at the rate of six per cent from November 12, 1908, and the controversy pertains alone to this matter.

Defendant tendered to plaintiff on November 12, 1908 the amount of $583.20, upon condition that she agree to accept and receipt for the same in full of her claim under the certificate of insurance. This she declined to do, because, as then advised, she regarded her right to recover the amount of $3000 on the certificate as reasonably clear. Thereafter, because of the decision of the Supreme Court in the case of Armstrong v. Modern Brotherhood, etc., 245 Mo. 153, 149 S. W. 459, adverse to plaintiff's view of the law, she abandoned her claim for the full amount of $3000 and accepted $583.20 on the policy, but insisted upon her right to have interest thereon as well. It is urged on the part of defendant that the tender of $583.20, of date November 12, 1908, prevented the accrual of interest thereafter, while plaintiff insists that such tender was not unconditionally made, in that it stipulated she should agree to accept and receipt for the same in full satisfaction of her claim under the certificate. The question in decision pertains to this matter alone. The

relevant facts are set forth in an agreed statement as follows:

"It is hereby stipulated by and between the parties to the above suit, that the following facts are agreed upon, to-wit:

"That on or about August, 1901, plaintiff was the wife of Wilbur F. Parker; that on said date Wilbur F. Parker became a member of the McKinley Tent No. 169, of the Order of the Knights of the Maccabees, and thereupon defendant issued to the said Wilbur F. Parker its benefit certificate No. 17172, which provided that upon the death of Wilbur F. Parker one assessment of the membership, not exceeding the sum of three thousand dollars would be paid as a benefit to his wife.

"That on or about July 1, 1908, Wilbur F. Parker died, being then a member of the said order, in good standing, and thereafter, in due time, plaintiff furnished defendant with proofs of death, and demanded payment of three thousand dollars, the same being less than one assessment on the membership.

"That on November 12, 1908, defendant refused to pay the said three thousand dollars, claiming that Wilbur F. Parker had committed suicide, and admitting that, even though Wilbur F. Parker had committed suicide, the sum of five hundred eighty-three dollars and twenty cents was due the plaintiff under said certificate, under and by virtue of a by-law of the defendant which was and is a part of the contract in question, as follows:

"'Sec. 396. SUICIDE: No benefit shall be paid on account of the death of a member who shall die by his own hand, whether sane or insane; provided, however, that the beneficiary named in the life benefit certificate or the person legally entitled to the benefit shall receive an amount equal to twice the amount contributed to the Life Benefit Fund by the member during his lifetime.'

"It is admitted that the sum of $583.20 is twice the amount contributed to the life benefit fund by Wilbur F. Parker during his lifetime. Defendant thereupon tendered plaintiff the sum of five hundred eighty-three dollars and twenty cents, upon condition that plaintiff agree to accept and receipt for same in full satisfaction of her claim under said certificate. Plaintiff refused to admit that Wilbur F. Parker committed suicide, and refused to accept said five hundred eighty-three dollars and twenty cents in full satisfaction of her claim under said certificate, and to release defendant from any further claim under said certificate.

"Thereafter, on November 17, 1908, this suit was filed. It is admitted that on the 1st day of September, 1911, plaintiff requested defendant to pay plaintiff the said sum of $583.20, plaintiff stating that she would give defendant a receipt therefor, with the understanding that the payment and acceptance of such sum should not bind either party as to whether such payment was a complete settlement of the claim under the certificate, but defendant declined to accede to such request, and would consent to pay said sum only upon condition that plaintiff would receive and receipt for the same in full satisfaction of her claim under the certificate, which plaintiff declined to do.

"Thereafter, to-wit, on January 16, 1913, it was agreed between plaintiff and defendant that this suit be settled, plaintiff and defendant agreeing upon five hundred eighty-three dollars and twenty cents, as the amount originally due under said certificate (excluding interest, if any), and said amount was paid to plaintiff and plaintiff's receipt given to defendant, the parties agreeing that this court determine whether, under the above facts, plaintiff was entitled to interest on said sum.

"The theory upon which this case is to be tried is, that the said Wilbur F. Parker committed suicide on

or about July 1, 1908, and that under the contract and by-laws of the defendant the sum of $583.20 became due to the plaintiff at the time of the filing of this suit, to-wit, November 12, 1908, and the only question for submission and decision is whether, under the above facts, the plaintiff is entitled to interest on the above sum.

"It is admitted that at the time of the filing of this suit plaintiff was relying on the decision in Dennis v. Modern Brotherhood, 119 Mo. App. 215, 95 S. W. 967, in the Kansas City Court of Appeals, which she claimed would entitle her to judgment regardless of the question of suicide; that subsequent to the filing of this suit a decision was handed down by the St. Louis Court of Appeals in the case of Armstrong v. Modern Brotherhood, 132 Mo. App. 171, 112 S. W. 24, which was in conflict with the aforesaid case, and that the case of Armstrong v. Modern Brotherhood was certified to the Supreme Court of Missouri and the finding of the St. Louis Court of Appeals was affirmed about October, 1912, setting aside the rule laid down in Dennis v. Modern Brotherhood. Both these cases may be referred to in argument either in the trial court or appellate court.

"If the court decides that on the above statement of facts plaintiff is entitled to interest, then judgment shall be rendered in favor of plaintiff for the amount of interest due, together with all costs. If the court decides that on the above statement of facts plaintiff is not entitled to interest, then judgment shall be rendered in favor of defendant, all costs accruing from and after this date shall be against plaintiff, the costs to this date having been paid by defendant.

"It is admitted that the defendant is a fraternal beneficiary association organized under the laws of the State of Michigan, and at all times herein mentioned

191M.A.33

authorized to do business as such under the laws of the State of Missouri.''

The court gave judgment for plaintiff in the amount of $154.48 on account of interest accrued on the principal sum of $583.20 from and after November 12, 1908, in the view that the tender then made was conditional.

There can be no doubt that, in order for a tender to be availed of, it must be unconditional—that is, it must at least be unaccompanied by any condition to which the creditor has a right to object. [See Henderson v. Cass County, 107 Mo. 50, 18 S. W. 992; see, also, 28 Am. & Eng. Ency. Law (2 Ed.), 31.]

The question is argued here by defendant as though the tender as made prescribed only that plaintiff should surrender the certificate of insurance and that such certificate provided for its surrender on the payment of the amount of $583.20. If such be the fact, it does not appear in the case. The agreed statement of facts recites nothing with respect to the provisions of the insurance contract concerning this matter—that is, that defendant was entitled to have the certificate surrendered on the payment of the amount stated. On the contrary, the agreed statement reveals that a controversy was then on between the parties concerning the amount due plaintiff under the certificate, and touching the validity of this controversy the appellate courts of the State were not agreed. In this situation, while plaintiff was asserting a claim for $3000 and defendant was insisting upon its right to liquidate the whole by the payment of $583.20, the agreed statement recites that ''Defendant thereupon tendered plaintiff the sum of five hundred eighty-three dollars and twenty cents upon condition that plaintiff agree to accept and receipt for same in full satisfaction of her claim under said certificate.''

It is entirely clear that the tender so made was a conditional one in the circumstances stated, for defend-

ant annexed the express condition that plaintiff should accept and receipt for the same in full satisfaction of her claim under the certificate. The debtor may not insist that the creditor shall admit that no more is due in respect of the debt for which the tender is made than the amount tendered, when the amount of the claim is in controversy. In such circumstances, if the tender is conditioned upon the creditor executing a receipt and release in full satisfaction, it is regarded as conditioned accordingly. [See Henderson v. Cass County, 107 Mo. 50, 56, 57, 18 S. W. 992; Ruppel v. Missouri Guarantee, Savings & Bldg. Ass'n, 158 Mo. 613, 622, 59 S. W. 1000.]

Touching this question, the author says, in 38 Cyc. 154, 155:

"A debtor cannot insist upon a receipt in full in respect to the particular claim upon which the tender is made, or a receipt in full for all demands, and if he does so he vitiates the tender; nor can the offer be made conditional upon the debtor receiving a discharge. A tender is held to be vitiated by coupling it with a demand for a receipt for the sum offered, unless, as is the case in a few jurisdictions, a statute exists which allows a demand for a receipt."

However, even where the statute provides that a receipt may properly be demanded when a tender is made, the courts declare that such statute in nowise authorizes the annexation of the condition that such receipt should be in full satisfaction of the claim, when the amount is in dispute. [See West v. Farmers' Mut. Ins. Co., 117 Iowa, 147, 90 N. W. 523.]

On the same question, the author, in 28 Am. & Eng. Ency. Law (2 Ed.), 33, thus states the law:

"In accordance with the rule stated in the next preceding section, the tender of a certain sum, on condition that the creditor will give a receipt in full, is not good, unless the release is especially stipulated for in the contract. A demand for a receipt in full invali-

dates a tender, even though it is provided by statute that a person making a tender may demand a receipt for the money tendered.''

There is nothing in the agreed statement tending to show that a receipt in full or release was stipulated for in the contract, on the payment of $583.20—that is, the amount tendered—and, therefore, defendant clearly annexed a condition to which plaintiff might properly object in requiring such to be executed on receiving the money. This being true, the tender appears to have been a conditional one and unavailing to stop the accrual of interest.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.