[Civ. No. 1317.  Third Appellate District.—October 30, 1914.]

## ASBESTOS MANUFACTURING AND SUPPLY COMPANY (a Corporation), Respondent, v. AMERICAN BONDING COMPANY OF BALTIMORE et al., Appellants.

BUILDING CONTRACT—PUBLIC WORK—ACTION ON BOND—TIME FOR COMMENCEMENT—CONSTRUCTION OF AMENDMENT OF 1911.—The amendment of 1911 (Stats. 1911, p. 1422) to the statute passed March 27, 1897, requiring the giving of a bond to secure payment of lien claims upon public work, applies to a contract which was completed before the passage of said amendment; and where the contract was completed prior to February 26, 1912, but the claim was not filed until April 12, 1912, and a suit on the bond was begun July 18, 1912, the claim was filed and the suit begun in time, as said amendment extended the time of filing the claim from thirty days to ninety days and the time for bringing suit on the bond from ninety days to six months.

ID.—ENLARGEMENT OF TIME—OBLIGATION OF CONTRACT NOT IMPAIRED.—
In such a case, where the enlargement of the time for filing the claim and beginning the suit was made before the time had arrived in which either of said steps could be taken under the old statute, the extension of time operated merely as a modification of the remedy and did not impair the obligation of the contract.

ID.—SUFFICIENCY OF BOND.—It is held in this action that the bond sued on, which seems to follow closely the language of the statute, and

specifies that it was given as required by the act of the legislature, entitled "An act to secure the payment of claims of materialmen, mechanics or laborers employed by contractors upon state, municipal or other public work, approved March 27th, 1897," sufficiently conforms to the requirements of the statute.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. John E. Richards, Judge presiding at trial. J. E. Crothers, Judge refusing new trial.

The facts are stated in the opinion of the court.

Lilienthal, McKinstry & Raymond, for American Bonding Company of Baltimore, Appellant.

David L. Levy, for J. W. Rapple and Lennig-Rapple Engineering Company, Appellants.

Edwin H. Williams, for Respondent.

BURNETT, J.—The action is against appellant American Bonding Company of Baltimore as surety upon a bond given by the Lennig-Rapple Engineering Company for the doing of public work in the city and county of San Francisco. The bond was given pursuant to a statute enacted in 1897 requiring that the person seeking relief under the bond shall file with the board of public works a verified statement of his claim within thirty days from the time such work is completed, and providing, further, that suit may be filed by such claimant within ninety days after the filing of such claim. The work here was completed prior to February 26, 1912, but the claim was not filed until April 12, 1912, and the suit was begun July 18, 1912. But, while the statute in force at the time of the execution of the contract required the filing of the claim and the commencement of the action as stated above, in 1911 (Stats. 1911, p. 1422) the said act was amended and said respective periods were extended, and it is conceded by said appellant "that if the act of 1911 is operative in this case, the claim was properly filed and the suit commenced within proper time." It is insisted, however, that "the amendatory act of 1911 should not be construed as being retroactive and the provisions of the act in force when the bond was executed should be considered the sole criterion."

Respondent, though, calls attention to several decisions directly in point that support the view taken by the trial court. Appellant has not seen fit to notice any of these cases although it is stated that they were relied upon in the trial court. We content ourselves with specific reference to only three of those cited.

In *Bear Lake* v. *Garland,* 164 U. S. 1, [41 L. Ed. 327, 17 Sup. Ct. Rep. 7], the question involved an amendment providing an extension of time for the foreclosure of a mechanic's lien, and Mr. Justice Peckham, delivering the opinion of the court, said: "The mere enlargement of the time in which to commence the action, at least in a case where the time had not yet arrived in which to file any statement of the plaintiff's claim for a lien, does not affect any right or remedy provided for in the old act. The right, as that term is used in the statute, consisted of the right of sale of the property in order, if necessary, to obtain payment of the money due the contractor. The remedy consisted of the taking of certain proceedings by which this sale was to be accomplished. Prior to the arrival of the time when one of these steps was to be taken an alteration of the statute by which the time to take that step might be enlarged was not an alteration of the right or of the remedy, as those terms are used in the statute, nor did it in any way affect either; it was simply an alteration of the mere procedure in the course of an employment of a remedy, the remedy itself remaining untouched or unaffected by such alteration. In this case such an enlargement of time to commence an action was given before the time had arrived in which the action could have been commenced under the old statute." It was therefore held that the new act applied to plaintiff's case. In this instance it may likewise be said that the enlargement of the time for filing the claim and beginning the action was made before the time had arrived in which either of said steps could be taken under the old statute, and in principle the two cases are not distinguishable.

A later case is *National Surety Co.* v. *Architectural Decorating Co.,* 226 U. S. 276, [57 L. Ed. 221, 33 Sup. Ct. Rep. 17], Therein the action was brought on a bond, under a Minnesota statute, providing that the parties executing the bond shall be liable, with the condition that the claimant serve notice within ninety days after he finishes his work. After the

bond had been executed and delivered, the statute was amended so that time for service of the notice was extended. The claimant served a notice which was late according to the time limit provided in the original statute, but was within the time limit as extended by the amendment. The United States supreme court held that the extension of time operated merely as a modification of the remedy and did not impair the obligation of the contract, the court saying: "The decision must turn, we think, on the familiar distinction between a law which enlarges, abridges or modifies the obligation of a contract, and a law which merely modifies the remedy by changing the time or the method in which the remedy shall be pursued, without substantial interference with the obligation of the contract itself. . . . In the case now before us we agree with the Minnesota supreme court in the view that a requirement of a preliminary notice to the obligors as a condition precedent of an action upon the bond affects the remedy and not the substantive agreement of the parties, and although the statute as it stood when the bond was given must be treated as if written into the contract, it still imposed a condition not upon the obligation, but only upon the remedy for breach of the obligation. Therefore the subsequent statute effected merely a change in the remedy without substantial modification of the obligation of the contract."

The case of *Kerckhoff-Cuzner Mill Co.* v. *Olmstead,* 85 Cal. 80, [24 Pac. 648], involved the construction of a statute shortening the time within which a mechanic's lien could be filed. The court said: "We do not think that the amendment, when applied to the case in hand, is retroactive in effect. It is true, it *shortened* the time within which the respondent would otherwise have had to file its claim and thus seek its remedy. But the authorities are numerous to the effect that a change of remedy, or in the time within which it must be sought, does not impair the obligation of a contract, provided an adequate and available remedy be left."

We think the foregoing cases properly state the rule and are decisive of the controversy here.

There is no more merit in the contention of appellant that the bond does not conform to the requirement of the statute. It seems to follow closely the language of the statute and specifies that the bond is given as required by an act of the legislature entitled "An act to secure the payment of the

claims of materialmen, mechanics or laborers employed by contractors upon state, municipal or other public work, approved March 27, 1897.''

The foregoing are the only points made by appellant and, as they seem untenable, the judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.