[Civ. No. 1471.   First Appellate District.—June 18, 1915.]

AMERICAN RADIATOR COMPANY (a Corporation), Appellant v. AMERICAN BONDING COMPANY OF BALTIMORE (a Corporation), et al., Respondents.

CONTRACTS—PUBLIC WORK—BOND FOR MATERIAL AND LABOR—TIME FOR FILING CLAIM AND BRINGING ACTION—AMENDMENT OF 1911 TO ACT OF 1897. The amendment of 1911 (Stats. 1911, p. 1422), to the act of 1897 (Stats. 1897, p. 201), providing security for claims of materialmen or laborers upon public work, controls a case where materials were furnished after the bond required by the statute was executed, but before said amendment was enacted; and where the claim was filed in due form more than thirty days but within ninety days after the completion of the work, it was filed within time under said statute as amended.

ID.—AMENDMENT OF STATUTE—MODIFICATION OF REMEDY.—The change of the statute enlarging the time within which such claims may be filed and actions thereon begun amounts merely to a modification of the remedy and is not to be construed to be a material interference with the obligation of the bond.

ID.—PRINCIPAL ON BOND—PARTNERSHIP LIABILITY.—Where the obligation of the principal on the bond in suit was a partnership obligation and not the individual bond of the members of the firm, the mere fact that after the execution of the bond the members of the firm entered into certain understandings with each other, having for their object the dissolution of the partnership, and the further carrying on of all work upon the firm contracts by one of the partners, which agreement did not reach the point or have the effect of a novation, cannot affect the liability of the other partner upon the bond of the firm, nor entitle the plaintiff to sue him individually upon that bond. His liability is the statutory liability upon judgments obtained against the copartnership and not otherwise.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Corbet & Selby, for Appellant.

Lilienthal, McKinstry & Raymond, Alfred C. Skaife, and Guy Leroy Stevick, for Respondent, American Bonding Company.

David L. Levy, and J. C. Campbell, Weaver, Shelton & Levy, for Respondent, J. W. Rapple.

LENNON, P. J.—This is an appeal by plaintiff from judgments in favor of the defendants American Bonding Company and J. W. Rapple, after the separate demurrers of each of said defendants had been sustained, the plaintiff declining to further amend his complaint.

The facts as presented by the record are these: In the month of December, 1909, the defendants E. B. Lennig and J. W. Rapple, as copartners, under the firm name of Lennig-Rapple Engineering Company, entered into a contract with the city and county of San Francisco for the installation of a heating and ventilating system in the Hall of Justice, and in connection therewith the said firm, as principal, and the American Bonding Company, as surety, executed and delivered to the proper officials of said city a statutory bond as security against any failure on the part of the said firm to pay for any of the materials or labor furnished for said work, as required by the provisions of the act of the legislature entitled "An act to secure the payment of the claims of materialmen, mechanics or laborers employed by contractors upon state, municipal or other public work," approved March 27, 1897 (Stats. 1897, p. 201). The foregoing act was in effect at the time said bond was given; and it provided that any materialman furnishing materials or supplies to a contractor to be used in the performance of such public work, whose claim had not been paid by the contractor, shall, within thirty days from the time such work is completed, file with the proper officials by whom the work was awarded a verified statement of his claim, and that the same had not been paid; and at any time within ninety days after the filing of said claim the person filing the same might commence an action upon the bond.

The plaintiff herein furnished certain materials for the installation of said heating and ventilating system in the Hall of Justice under said contract. Before said materials were so furnished but after said bond had been given, the foregoing act was amended so as to provide that the materialman's claim might be filed within ninety days after the completion of the work, and that the claimant might have six months thereafter within which to commence his

action. (Stats. 1911, p. 1422.) The plaintiff herein filed his claim in due form more than thirty days but within ninety days after the completion of the work. The respondent, American Bonding Company, urged upon demurrer that the statute as it existed at the time its bond was given, and not the statute as it stood at the time the plaintiff's materials were furnished, controlled; and that the latter's claim not having been filed within thirty days after the completion of the work, cannot be made the subject of a recovery upon the bond. The trial court adopted this view in sustaining the demurrer of the bonding company.

That it was in error in so doing is settled by the recent decision in the case of *Asbestos Mfg. & Supply Co.* v. *Amercan Bonding Co.*, 25 Cal. App. 641, [145 Pac. 107], wherein this court for the third appellate district, upon the authority of *National Surety Co.* v. *Architectural Dec. Co.*, 226 U. S. 276, [57 L. Ed. 221, 33 Sup. Ct. Rep. 17], holds that the change in a statute enlarging the time within which claims of this character may be filed and actions thereon begun, amounts merely to a modification of the remedy, and is not to be construed to be a material interference with the obligation of the bond. It follows that the judgment entered in favor of the American Bonding Co. must be reversed.

As to the judgment herein rendered upon the order of the court sustaining the demurrer of the defendant Rapple, we are of the opinion that it should be affirmed. The obligation of the Lennig-Rapple Engineering Co., the principal upon the bond upon which this suit was brought, was, according to the averments of the plaintiff's complaint, a partnership obligation, and not the individual bond of the members of the firm. The mere fact that after the execution of the bond the members of the firm had entered into certain understandings with each other, having for their object the dissolution of the copartnership, and the further carrying on of all work upon the firm contracts by Lennig, which agreements did not reach the point or have the effect of a novation, cannot affect the liability of the defendant Rapple upon the bond of the firm, nor entitle the plaintiff to sue him individually upon that bond. His liability is the statutory liability upon judgments obtained against the copartnership and not otherwise, according to the views expressed by the supreme court in the case of *Redwood City Salt*

*Co.* v. *Whitney,* 153 Cal. 421, [95 Pac. 885], and of this court for the third appellate district in the case of *Asbestos Mfg. & Supply Co.* v. *Lennig-Rapple Engineering Co.,* 26 Cal. App. 177, [146 Pac. 188].

Upon these authorities the judgment in favor of Rapple should be affirmed.

The judgment in favor of the American Bonding Co. is reversed and the cause remanded. The judgment in favor of J. W. Rapple is affirmed.

Kerrigan, J., and Richards, J., concurred.