IDA HERZBERG, Appellant, v. MODERN BROTHERHOOD OF AMERICA, Respondent.

Kansas City Court of Appeals, March 6, 1905.

1. **BENEFIT SOCIETIES: Conflict of Laws: Iowa and Missouri Statutes.** Where in construing the policy of a benefit society organized under the laws of Iowa it is found that the laws of that State and this State are different, the Missouri statute controls.

2. ——: ——: ——: **Legal Representatives.** A certificate of a benefit society determines whether it operates under the assessment statute or under the general insurance law, and where it is made payable to the legal representatve it is

without the protection of the assessment statute since such payment would send the money to the general estate and so frequently entirely divert it from those the Missouri statute directs snall be the beneficiaries.

3. ———: ———: ———: ———. Nor can the fact that the society calls itself fraternal or that the Secretary of State issued a statutory permission to do business as such, affect the matter.

4. **LIFE INSURANCE: Misrepresentations: Defense: Deposit.** In order that a misrepresentation of the assured shall forfeit a life policy it must be averred and snown that the subject-matter of the misrepresentation caused the death and the insurer must deposit in court the premiums paid by the assured.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED AND REMANDED.

*Lawrence & Lawrence* for appellant.

(1) Respondent is not a fraternal beneficiary association as defined by Missouri laws. R. S. 1899, secs. 1408-1410; State ex rel. v. O'Rear, 144 Mo. 157; Baltzell v. Modern Woodmen, 98 Mo. App. 153; Bacon, Ben. Societies, sec. 399; Barsfield v. M. W. of A., 88 Mo. App. 208; Barsfield v. Maccabees, 92 Mo. App. 102; McDonald v. Ins. Co., 154 Mo. 618; Aloe v. Ins. Co., 164 Mo. 675; Logan v. Casualty Co., 146 Mo. 114. (2) Suicide as pleaded is not a defense. R. S. 1899, sec. 7896. (3) Misrepresentations as pleaded are no defense and error to admit testimony tending to prove same. R. S. 1899, secs. 7890, 7891 and 7936; Christian v. Ins. Co., 143 Mo. 460; Scheuerman v. Ins. Co., 165 Mo. 651; Thassler v. Ins. Co., 67 Mo. App. 505; Lavin v. Ins. Co., 101 Mo. App. 434; Aloe v. Ins. Co., 164 Mo. 675. (4) By demanding and receiving about December 20, 1900, and retaining the assessment on the contract of insurance, respondent recognized the validity of the policy and waived its rights to the affirmative defenses of suicide and misrepresentations. Matt v. Prot. Soc.,

70 Iowa 461; Bradford v. Ins. Co., 112 Iowa 500; Bacon, Ben. Societies, secs. 431, 434, 435; Erdman v. Ins. Co., 44 Wis. 376; Burdick v. Life Assn., 77 Mo. App. 637; s. c., 86 Mo. App. 94, 91 Mo. App. 529; Hopkins v. M. W. of A., 94 Mo. App. 402.    (5)    Appellant's refused instructions should have been given by the court, and those given at the request of respondent should have been refused.    A new trial should have been granted. Authorities supra.    R. S. 1899, sec. 899; Brown v. Ins. Co., 74 Mo. App. 490; Remmler v. Shermit, 15 Mo. App. 192; McGinnis v. Railroad, 21 Mo. App. 391; Proctor v. Loomis, 35 Mo. App. 482; Com. Co. v. Hunter, 91 Mo. App. 337.

*Kinley & Kinley* for respondent.

(1)    The appeal in this case should be dismissed because appellant has not prepared, served and filed an abstract of the record as required by rule 15 of this court.    Costello v. Fisher, 80 Mo. App. 107; Brand v. Connor, 118 Mo. 595; Epstein v. Clothing Co., 67 Mo. App. 221.    (2)    Fraternal beneficiary associations, foreign and domestic, are placed on same footing, and are expressly exempted from the operation of the general insurance laws.    Hudnall v. M. W. of A., 103 Mo. App. 356; Shotliff v. M. W. of A., 100 Mo. App. 138; McDermott v. M. W. of A., 97 Mo. App. 636; Brasfield v. K. of M., 92 Mo. App. 102; Brasfield v. M. W. of A., 88 Mo. App. 208; Morton v. Royal Tribe, 93 Mo. App. 78; Chapter 12, art 2, secs. 1408, 1409, 1410, 1411.    (3) Suicide is a defense under a fraternal beneficiary association certificate.    Brasfield v. M. W. of A., 88 Mo. App. 208; McDermott v. M. W. of A., 97 Mo. App. 636; Shotwell v. M. W. of A., 100 Mo. App. 138; Hudnall v. M. W. of A., 103 Mo. App. 356.    (4)    Misrepresentation and false answers to questions in a written applica- for membership and a benefit certificate in a fraternal beneficiary association avoids the certificate.    McDer-

mott v. M. W. of A., 97 Mo. App. 636; Whitmore v. Ins.
Co., 100 Mo. 36; Handford v. Ben. Assn., 122 Mo. 50.
(5)   The plaintiff was not entitled to recover and the
court should have given respondent's instruction to
that effect.  The verdict of the jury was for the right
party and in harmony with the true law.  The verdict
therefore should not be disturbed, no matter whether
the court misdirected the jury or not.   Hill v. Wilkins,
4 Mo. 88; Orth v. Dorschlein, 32 Mo. 366; Kelly v. Rail-
road, 88 Mo. 534; Ellerbe v. Bank, 109 Mo. 445; Harmuth
v. Railroad, 129 Mo. 642; Havens v. Railroad, 155 Mo.
224; Moore v. Railroad, 176 Mo. 88.

ELLISON, J.—This action is to recover the
amount alleged to be due on a benefit certificate issued
to plaintiff's deceased husband.  The trial court gave
several instructions for either party.  The judgment
was for defendant and plaintiff appeals.

The real contest between the parties to this con-
troversy is whether the defendant can properly claim
to be an insurance company known to the laws of this
State at this time as a fraternal beneficiary association.
If it belongs to that class, it is exempt from some strin-
gent provisions of our statute governing general life
insurance.  The statute as to general life insurance
companies does not allow the defense of suicide unless
the policy be taken out with that view.  [R. S. 1899, sec.
7896.]  Nor does it allow misrepresentations in obtain-
ing the policy to be of any consequence, unless the mat-
ters misrepresented shall have actually contributed to
the death.  [R. S. 1899, sec. 7890.]

In this case the defendant, claiming to be a fra-
ternal beneficiary association, set up as separate de-
fenses that deceased committed suicide, and that he rep-
resented that he had never had syphilis, which repre-
sentation, it is alleged, was willfully false.  The plain-
tiff contends, among other things, that defendant is not
a fraternal beneficiary society and that, therefore, the

statutes aforesaid in relation to general life companies applies to it. It was clearly shown that the deceased came to his death by suicide and it was not charged or claimed that he took out the policy with that view. We will furthermore assume, for the purpose of disposing of the case, that deceased made a false representation in stating that he had never been afflicted with syphilis when he obtained the policy. If defendant is a fraternal beneficiary company, those defenses would bar a recovery. If it is not, then the general insurance laws apply to the case.

The answer of defendant shows that it is an Iowa corporation doing business in this State by certificate from the Secretary of State as provided by our statute; and it further shows that under its own by-laws, the certificates of insurance issued by it could be made payable to "the legal representatives" and the widow or children of the deceased. The statute of Iowa authorizes such certificates to be issued to the "husband, wife, relative, legal representatives, heir, or legatee of such member." Our statute (sec. 1408, R. S. 1899) authorizes such certificates to be for the benefit of "families, heirs, blood relatives, affianced husband or affianced wife, or to persons dependent upon the member." It will thus be seen that the laws of Iowa and the by-laws of the defendant permit certificates to be issued to a class not recognized by our statute, viz.: legal representatives of the deceased. And in point of fact the certificate in this case was issued to the legal representative. Such certificate was, therefore, within the Iowa law and without our law. In Baltzell v. Modern Woodmen, 98 Mo. App. 153, we held that where the statute of the State where the company was organized and the statutes of this State differ, the latter controls.

We must, therefore, hold the certificate to be without the protection of our statute and to fall under the provisions of the general insurance statute. The beneficiaries of such certificate must be of the class or

classes named in the statute. [Masonic Benefit Assn. v. Bunch, 109 Mo. 560, 578; Keener v. Grand Lodge, 38 Mo. App. 543.] A payment to one's legal representatives is a payment to his general estate and the money would be subject to administration as and like any of the deceased's general property, and in that way would frequently be entirely diverted from those our statute directs shall be the beneficiaries.

Nor does it aid the defendant in any respect that it called itself a beneficiary and fraternal society; or that the Secretary of State issued the statutory permission for it to do business in this State as such. The contract as evidenced by the certificate in this case shows the character the company assumed in this case. The Supreme Court has made the following utterances on such subjects:

In McDonald v. Life Ass'n, 154 Mo. 618, it said: "The certificate of the State Superintendent of Insurance authorizing a company to do business as an assessment company does not determine the character of insurance the company actually does. The policy determines that." And in Aloe v. Fidelity Mutual, 164 Mo. 675: "The fact that an insurance company was chartered by another State as an assessment company and was licensed to do business in this State under its laws as an assessment company, does not make it such, nor in any wise change its character or status under the Missouri law. Nor is the liability of the company in any wise affected by its name. That is determined by the character of its contracts of insurance, and by those contracts the law places the company in its proper class, and determines whether or not it is an assessment company." And in Logan v. Fidelity & Casualty Co., 146 Mo. 115: "The calling of a contract of insurance and accident, tontine, ordinary life, or bond investment policy, does not make it any the less a policy of life insurance, nor remove the policy from the operation of the statute."

But under the general insurance statute misrepresentations may be shown in defense if the subject misrepresented caused the death. But there are two reasons why the defense cannot be made here, conceding, as before stated, that there were misrepresentations. One of these reasons is that there was no substantial evidence to show that the subject of such misrepresentation (syphilis) caused the death; and the other is, that the defendant did not deposit in court to be refunded the premiums which had been paid as provided by section 7891, Revised Statutes 1899.

We have examined the point made by defendant as to the sufficiency of plaintiff's abstract, and have concluded that the objections thereto are not well taken. The abstract presents the points we have considered and which determine the case.

The judgment is reversed and the cause remanded. All concur.