ANNA ORIEL DENNIS, by Guardian et al.,
Respondents, v. MODERN BROTHERHOOD
OF AMERICA, Appellant.

Kansas City Court of Appeals, June 18, 1906.

1. **BENEFIT SOCIETIES: Fraternal: Beneficiary: Statute.** No one can become a beneficiary in a fraternal benefit society who does not belong to some one of the classes of persons named as such in the statute.

2. ——: **Beneficiary: Two States.** Where a society is organized in one State and permitted to do business as a foreign corporation in another State the statute of the latter will determine who can be beneficiaries in cases originating therein.

3. ——: ——: **Missouri Statute: Iowa Statute.** The Missouri statute permits families, heirs, blood-relatives, etc., of the member to be beneficiaries. A foreign association to do business in this State must have for its object the benefit of the same classes of beneficiaries named in the statute, and the Iowa statute is radically different in permitting legatees and representatives to be beneficiaries.

4. ——: ——: ——: ——: **Association versus Business: Taxes: Suicide..** The Missouri statute relieves from taxation and permits certain classes of defenses to associations of a certain class and not to certain classes of business; and if the association does not come within the statute it is not relieved of such burdens, regardless of who may be its beneficiary in particular instances. Cases distinguished.

5. ——: ——: ——: ——: **Administrator.** A beneficiary in a fraternal certificate has no interest therein, and the fact that a benefit society of a foreign State is not subject to exceptions of a benefit society in this State by reason of the classes of its beneficiaries, does not prevent it being a fraternal benefit association. And so where a beneficiary dies before the member his administrator has no interest in the certificate.

6. ——: ——: **Construction.** A benefit certificate was issued to Anna and Elsie the member's children. The application said Anna $1,000; Elsie $1,000; amount $2,000. *Held*, the appointment thus made was the same as if it had read to *my* children, Anna and Elsie and was intended as a provision for them or the survivor of them and that Anna took the whole amount of the benefit on the death of the member.

Dennis v. Modern Brotherhood of America.

7. ———: ———: Suicide: Member: Estoppel: Statute. The beneficiary in a fraternal certificate is not estopped to collect the certificate by the fact that the member suicided after having enjoyed the lower rates and social provisions of the association, since the statute forbids such an inference; and it cannot therefore be made through the channel of estoppel.

8. ———: ———: Statute: Suicide. The statute prohibiting suicide as a defense is not confined to old line insurance but to any life insurance which is not withdrawn by some other statute.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*Sherwood & Young,* with *Kinley & Kinley* for appellant.

(1) A. F. Keene as public administrator in charge of the estate of Elsie Pearl Dennis, has no interest in this controversy. At the time of her death, Elsie Pearl Dennis had no vested interest in the benefit certificate, and at the time of her father's death the benefit certificate to the extent of $1,000, which was payable to her, either lapsed or passed to the personal representative of the father. Grand Lodge v. Malley, — Mo. App. —, 89 S. W. 68 and cases cited; Sup. Council v. Nidelet, 81 Mo. App. 598; Keene v. A. O. U. W., 38 Mo. App. 543, 549; Relief Assn. v. Strode, 103 Mo. App. 694; Hoffman v. Grand Lodge, 73 Mo. App. 47, 54; Order of Ry. Conductors v. Koster, 55 Mo. App. 186, 194; Expressman's Aid Soc. v. Lewis, 9 Mo. App. 416. (2) There is consequently, under the very best view that can be taken in favor of the proper beneficiaries of John P. Dennis under the certificate in suit, a fatal misjoinder and defect of parties plaintiff; for if the certificate lapsed at the time of the death of John P. Dennis, judgment has been rendered against the association for $1,000 too much, and is erroneous for that reason.

Overshiner v. Brittain, 169 Mo. 351; Poor v. Watson, 92 Mo. App. 488; White v. Dyer, 81 Mo. App. 643; Jones v. Horn, 104 Mo. App. 705 and cases cited. (3) The beneficiaries under the certificate of John P. Dennis are estopped to deny that defendant is a fraternal beneficiary association, authorized as such to operate under the laws of Missouri. Cass County v. Ins. Co., 188 Mo. 16; Bank v. Trust Co., 187 Mo. 518 et seq.; Land Co. v. Railroad, 161 Mo. 595, 604; State v. Knowles, 185 Mo. 171; Joyce on Insurance, par. 1311; Herman on Estoppel and Res Judicata, sec. 1254, pp. 1403, 1404; sec. 1218, p. 1358; sec. 1252, p. 1401; sec. 1022, p. 1150; sec. 719, p. 848. (4) The defendant is entitled under the certificate in the case at bar to the protection afforded domestic fraternal associations. This certificate was not made payable to one of a class not recognized by the Missouri Statute. Lloyd v. Modern Woodmen, 87 S. W. 530. (5) The character of the contract in the case at bar determines the character of the business of the company for all the purpose of this action. Aloe v. Life Assn., 164 Mo. 675, 687; Toomey v. Supreme Lodge, 147 Mo. 129, 139; McDonald v. Life Assn., 154 Mo. 618, 628; Jones v. Horn, 104 Mo. App. 705.

*B. T. Robinson, N. A. Franklin, Campbell & Ellison* and *Higbee & Mills* for respondent.

(1) The appellant is a foreign insurance society, authorized to issue policies payable to the legatees and legal representatives of its members. The statute of the state of its domicile governs for the purpose of determining its character. If it has power to make its policies payable to strangers it is not a fraternal beneficiary association, within the description of section 1408, R. S. 1899. This is the test. Herzberg v. M. B. A., 110 Mo. App. 328; Baltzell v. Modern Woodmen, 98 Mo. App. 160. (2) Elsie Pearl Dennis, therefore, had a vested interest in the policy; this is admitted in appel-

lant's brief. U. S. C. Co. v. Kacer, 169 Mo. 314. Had she survived, there could be no question as to her right to join with her sister in this action; nay, her joinder would have been necessary. Having a vested interest at her death, her administrator is a necessary party plaintiff. (3) Complaint is made in appellant's brief that the court rendered judgment for plaintiff. Sweet v. Maupin, 65 Mo. 73. (4) The question of *ultra vires,* discussed in the cases cited in appellant's brief, seems to have no place in this case. Nor is there any estoppel. If the defendant company will not conform to the description of fraternal beneficiary associations found in section 1408, R. S. 1899, it is not entitled to the protection afforded to that class of associations by our statute. The cases cited under point, thoroughly dispose of all questions arising on this appeal.

ELLISON, J.—The defendant issued to John P. Dennis, on December 3, 1900, what is known as a beneficiary certificate of life insurance in the sum of two thousand dollars. The beneficiaries named to receive that sum at his death, were his two daughters, Anna and Elsie. In July, 1901, Elsie died intestate. In March, 1904, Dennis, the father, committed suicide. Afterwards A. F. Keene was made administrator of Elsie's estate and was also made guardian of Anna as well as curator of her estate. It was not charged that Dennis contemplated suicide when the certificate or policy was issued to him, nor were the premiums which he had paid deposited in court by defendant. The defendant's answer denies all liability. The trial court found for plaintiff and rendered judgment accordingly.

I. The defendant is alleged to be a corporation organized under the laws of the State of Iowa, and doing business in this State, having complied with the provisions of our statute in reference to permission to prosecute its business here. One point for decision is

whether the certificate in question shall be considered a benefit certificate governed by our law applicable to fraternal benefit societies; or is it, in effect, such life insurance as is not entitled to the privileges and exemptions granted to fraternal associations? If it belongs to the former class, suicide is a defense, and, if to the latter, it is not a defense, since it is not pretended that Dennis contemplated such an act when he took out the certificate. [Sec. 7896, R. S. 1899.]

It is now understood as settled law that no one can become a beneficiary in a fraternal benefit society who does not belong to some one of the classes of persons named as beneficiaries in the statute. . [Masonic Ben. Assn. v. Bunch, 109 Mo. 560; Keener v. Grand Lodge, 38 Mo. App. 543; Herzberg v. Brotherhood, 110 Mo. App. 328.]

II. In cases where a society may depend for its power to do business on the statutes of two States, one where it is organized, and the other wherein it is permitted to do business as a foreign corporation, the statute of the latter will control as to who can become beneficiaries in cases originating in the latter. [Baltzell v. Modern Woodmen, 98 Mo. App. 153.]

III. The character of a fraternal beneficiary association as authorized in this State, is set forth in section 1408, Revised Statutes 1899, wherein beneficiaries are stated to be "families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the member." Foreign associations are authorized to do business in this State, who come "within the description as set forth in section 1408" aforesaid. It follows, that since no foreign association could do business here without the authority of this State, it must bring itself within the terms of such authority. That is to say, it must bring itself within the description of the local associations in this State; which means they must have for their object the benefit of the same

class or classes of beneficiaries that are named in our statutes. Certainly, no one can be a beneficiary in this State, whether in a local or foreign association, who is not recognized by our statute. Defendant's home is alleged to be in Iowa, and while the Iowa statute names many of the same classes as beneficiaries which are named in ours, yet it also names others of a substantially different class. It permits the insured member to name legatees as well as his legal representatives to become beneficiaries. Here, there is a radical difference between the statutes of the two states. [Baltzell v. Modern Woodmen, supra.] In Herzberg v. Modern Brotherhood (an Iowa association), 110 Mo. App. 328, the beneficiary named in the certificate was the member's legal representative, and we held that it was not authorized by our statute and that the insurance was effective as general life insurance so far as to not be entitled to the exemptions given to our associations.

IV. But that case involved a class, recognized by the foreign statute, but not permitted by ours. While in this case, the beneficiaries (daughters of the member) are recognized by ours. So, though our decision in that case be conceded to be a correct interpretation of the law, the defendant, notwithstanding the case of Baltzell v. Modern Woodmen, contends that, though the foreign law authorizes the foreign association to issue certificates to classes of beneficiaries, some of which are not recognized by the domestic law, yet if such association only does business with the classes which are recognized by the domestic law, it is a fraternal benefit association under the latter law, as to such business.

The contention fails to distinguish between associations and the business which such associations may do. Our statute relieves the burden of taxation, disability to defend on account of suicide, etc., from certain described classes of *associations* and not certain classes of

*business.* So that if the association does not answer the description given in our statute, it is not relieved of such burdens, regardless of who may be the beneficiary in any particular case. The face of our statute indicates that the object of the Legislature was to protect and safeguard such associations. It has not left them free to insure lives generally, but only certain persons for purposes specifically designated. It has not given the member of such association freedom of choice as to whom he will make a beneficiary further than a choice between the persons or classes named in the law. By confining its operations within specified limits, the Legislature has thought that object would more certainly be attained. In limiting the operation of such associations, it, at the same time, relieved them from certain onerous burdens it had put upon other life insurance companies. These things were done in the interest of the class of persons whom the Legislature selected as beneficiaries in the scheme of such fraternal orders. In granting foreign associations the right to do business in this State, it did not confer such privilege on such associations generally, but only on those "coming within the description" of domestic associations, "as set forth in" the statute. As already stated, a part of the statutory description of a domestic association is that "payments of death benefits *shall* be to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon, the member." The corresponding descriptive part of this defendant association, as set forth in the Iowa statute, includes legatees and legal representatives of the member, as classes who may be beneficiaries who are not permitted to be such in this State. Suppose a foreign association was permitted by the State where organized to have many different classes of beneficiaries, some of which our Legislature would think put its solvency to hazard, and only one of which was permitted by our statute, would the mere fact that it confined its business in this State to that

one, entitle it to a footing here of complete equality with a domestic association and like the latter, among other exemptions, be free from taxation? We think not. And therefore, while the foreign association may do business in this State, it is not entitled to the privileges of a local association, nor to exemption from certain provisions of the general life insurance law which the latter enjoys.

It may be suggested that our conclusion is not in harmony with Loyd v. M. W. A., 113 Mo. App. 19. The foreign statute in that case was stated by Judge BLAND to be identical with ours as to the classes of beneficiaries; and the beneficiary in that case was the member's wife. The judge, however, made use of the following expression: "But if other classes were designated in the Illinois act, in its Missouri business, the defendant being on the same footing as domestic fraternal societies, could not make any class of persons beneficiaries not named in the Missouri law." It is claimed for that sentence that it impliedly countenances the statement that, where other classes are included in the law of the foreign State, it could yet name a beneficiary recognized by our statute and claim equal privileges with our associations. Whatever may be said of this, it is clear that it was a mere passing remark of what the learned judge thought at the moment of a state of case not then under consideration.

We are cited to the case, decided by us, of Pauley v. Modern Woodmen, 113 Mo. App. 473, as sustaining defendant's claim. The statute of the foreign state in that case was identical with ours except there was added to it a clause permitting a member, who had neither wife nor children, to make a charitable institution a beneficiary, a thing not permitted by our statute. It was thought that as that additional provision was not an unconditional provision and could only become effective with the consent of the society; and that as it did not have the effect to evade the provisions of our

statute, it would not be held as disabling the association from doing business in this State as a fraternal benefit society. We do not wish to go any further than the actual terms of that case make necessary. It is not authority in this case, for, as we have shown, the foreign statute here considered provides for beneficiaries which, if named, would take the fund away from the persons our statute has seen fit to provide for and protect.

V. It is next urged that though Elsie was one of the beneficiaries named in the certificate, yet she had no vested interest in it and that upon her death, there was nothing to descend to her heirs, nor anything to go to her legal representative, and therefore the administrator was not only not a proper party, but there was a failure of proof. A beneficiary in a certificate of a fraternal benefit association has no vested interest in it. [Masonic Ben. Assn. v. Bunch, 109 Mo. 560, 579; Wells v. Mutual Ben. Assn., 126 Mo. 630; 1 Bacon, Benefit Societies, sec. 291a; Keener v. Grand Lodge, 38 Mo. App. 552.] It therefore becomes of importance to ascertain whether the certificate in controversy is what is known as a benefit certificate in a fraternal benefit association, even though all its classes of beneficiaries are not identical with those named in our statute. The defendant is, in point of fact, a fraternal association under the laws of Iowa; and its organization, its mode of payment of benefits and of raising funds therefor is, in such respects, in keeping with our law relating to such associations as stated in Toomey v. Supreme Lodge, 147 Mo. 129, 136. The rights of the beneficiaries in this case, are therefore the rights recognized by the law applicable to such certificates. The right of a beneficiary in the certificate, or the prospective fund which it represents, as we have already seen, is not a vested right (1 Bacon on Benefit Societies, sec. 291a). Not being a vested right, whatever interest the daughter, Elsie, had in it,

ceased at her death and there was nothing to go to her heirs, nor to her legal representative.

Our conclusion, heretofore stated, that the defendant is not entitled to the privileges and exemptions granted to a fraternal benefit association in this State, is not a conclusion that it is not such an association, and it is not inconsistent with what we have just written. For the ground upon which we refuse defendant such privileges and exemptions is not that it is not a fraternal benefit association, nor that its contract is not of the same nature as contracts of fraternal benefit associations, but it is upon the distinct ground that in the Iowa law providing for other and different classes of beneficiaries, it made it impossible for defendant to "come within the description" of such associations as they are created and described by our law. It must be manifest that the nature of the contract of an association of one state and the interest or non-interest of the beneficiary therein, is not affected by the mere fact that such association has more classes of beneficiaries than are allowed by another state in which such contract is litigated.

It therefore follows that plaintiff Keene in his capacity as administrator had no interest in the action and that as to him, there was, under the authority of Overshiner v. Britton, 169 Mo. 351, and Poor v. Watson, 92 Mo. App. 89, a total failure of proof, that is to say, he failed to show a cause of action.

VI. As the cause is to be retried, it becomes necessary to state the interest which the surviving sister, Anna, has in the certificate. Is she entitled to the full sum of two thousand dollars, or to only one thousand, the remainder lapsing to the association? The certificate itself reads, that in case of death of the member his beneficiaries are "to participate in the mortuary fund to the amount of one full assessment on all members in good standing in the fraternity, not to exceed

two thousand dollars, which shall be paid to Anna Dennis and Elsie Dennis, related to the member as children." But the certificate was issued by reason of a written application for membership in which he is asked to give the names of his beneficiaries. He answered, "Anna Dennis $1,000, Elsie Dennis $1,000." And in which he answered a further inquiry, "Amount of benefit applied for, $2,000."·

If everything is performed, which is required by the association, there cannot be a lapse of the fund, except the beneficiary dies, or otherwise becomes incapacitated to take. Whether there is a lapse in the present· instance of what would have been Elsie's interest depends upon the nature or character of the appointment of the beneficiaries. If the appointment was to Elsie and Anna separately, each to have their part, they might properly be likened to legatees in a will and be held to be tenants in common; and one dying before the death of the member making the appointment, the share of the survivor would only be her portion as it would have been had her sister not died, that is, one thousand dollars. On the other hand, if the appointment was to Elsie and Anna jointly, or to them collectively as his children (in other words, as a class) though separately designated by name, they would be likened to joint tenants and the survivor would take the whole fund. [Jackson v. Roberts, 14 Gray 546.]

The power of appointment of beneficiaries (within the classes recognized by the statute) rested exclusively with the member, as much so as his power to name legatees or devisees in a will, and, the rule of construction of wills may very well be applied to the construction of a certificate, that is to say, the intention of the member is the controlling element. [1 Bacon on Benefit Societies, sec. 255; Union Mut. Assn. v. Montgomery, 70 Mich. 587; Duvall v. Goodson, 79 Ky. 224.] The words of appointment used in the certificate are the same as if they had been that the fund should be paid

"to my children Anna and Elsie Dennis." These were the only children he had and that he intended it as a provision for them, or the survivor, is most reasonable. After the death of Elsie, he made no change, we must presume, because he thought it was unnecessary. He continued to pay assessments on the basis of a certificate of two thousand dollars, and therefore did not suppose that there had been any lapse. [Crecelius v. Horst, 9 Mo. App. 51; Affirmed, 78 Mo. 566.] We are therefore of the opinion that Anna, as survivor, is entitled to the whole fund.

VII. One of the defendant's points against plaintiff's right to avoid the defense of suicide is placed on the ground of estoppel. It is said that since plaintiff entered the contract with defendant as such association, at reduced rates and easy terms for life insurance; that since he affiliated with its members and enjoyed its privileges, social and financial, the latter by way of reduced rates which were founded, in part, on its being free from the disability of showing suicide as a defense, he ought not now to be allowed to show that it is not an association recognized by the law of this State. Authority is cited on the general proposition that one, who has contracted with an organization as a corporation in its corporate name, is estopped to deny its existence as a corporation (West Mo. L. C. v. Railway, 161 Mo. 604). And that non-compliance with the provisions of a charter is no defense to an action by the company for dues. [2 Joyce on Ins., sec. 1311.] And that a defendant who has contracted with a corporation will not be permitted to allege any defect in its organization (2 Herman on Estoppel, secs. 1252, 1254). We do not regard the position to be well taken, nor the authorities as sustaining the point. When the statute forbids a contract, or only permits it to be executed under certain conditions, such act cannot be made legal through the channel of estoppel; if it could,

the statute would be, practically a dead letter. "A contract of insurance entered into in violation of law, or public policy, is simply void and neither party to it is estopped from showing the fact. 'Otherwise the public law and policy would be at the mercy of individual interest and caprice.'" [2 Bacon on Ben. Societies, sec. 424.]

VIII. From the characterization which we have given the certificate in controversy, it may be suggested that the defendant does not fall within the class of insurance companies to which the statute (section 7896, Revised Statutes 1899) denies the defense of suicide. But we think that it does. The application of that statute is not confined to insurance on the old line life plan; it is broad enough to cover any life insurance which is not withdrawn from its application by some other statute.

The judgment is reversed and the cause is remanded. All concur.

