[Civil No. 1925.    Filed April 22, 1922.]

[206 Pac. 403.]

# BROTHERHOOD OF AMERICAN YEOMEN, a Corporation, Appellant, v. ELLEN MANZ, Appellee.

1. INSURANCE—INSURED'S MISREPRESENTATION AS TO AGE DOES NOT PRECLUDE RECOVERY AS A MATTER OF LAW.—Under Laws of 1907, chapter 46, section 1, insured's misrepresentation as to age in application for certificate did not preclude recovery as a matter of law, the question being one for the jury as to whether the misrepresentation contributed to the insured's death.

2. INSURANCE — STATUTE IN FORCE AT TIME OF INSURANCE BECAME PART OF CONTRACT, ALTHOUGH LATER REPEALED.—Where a beneficiary certificate was issued when Laws of 1907, chapter 46, was in force, the provisions of that statute became a part of the insurance contract, and, in action on the certificate, determined the effect of misrepresentations made by insured, though the statute was repealed by not being carried forward by the Civil Code of 1913, and action on the certificate was brought after such repeal.

3. INSURANCE — INSURER, DEFENDING FOR MISREPRESENTATION, MUST PLEAD FACTS SHOWING MISREPRESENTATION CONTRIBUTED TO INSURED'S DEATH.—In action on death certificate issued at a time when Laws of 1907, chapter 46, was in effect, requiring misrepresentations to have contributed to the death to preclude recovery, and making the question of whether the misrepresentation so contributed one for the jury, the insurer could not defend on the ground of insured's misrepresentation as to age without pleading the facts showing the misrepresentation to have contributed to insured's death.

4. INSURANCE—WHERE STATUTE REQUIRING REPAYMENT OF PREMIUMS WAS IN EFFECT WHEN POLICY ISSUED, BUT REPEALED BEFORE SUIT, INSURER NOT PRECLUDED FROM DEFENDING WITHOUT REPAYMENT OF PREMIUMS.—Laws of 1907, chapter 46, section 2, providing that no defense based upon misrepresentation in obtaining policy should be valid unless defendant should have deposited in court for the benefit of plaintiff the premiums received on such policy, was purely remedial, and where, although the statute was in force when a beneficial certificate was issued, it was repealed before action was brought on the certificate, insurer was not precluded from defending for misrepresentation without tendering back premiums received.

---

1. Effect of incorrect statement of age in application for insurance, see notes in 1 A. L. R. 459; 14 A. L. R. 926.

5. Constitutional Law — Parties have No Vested Right in Particular Remedies or Modes of Procedure.—Parties have no vested right in particular remedies or modes of procedure, and the legislature may change existing remedies or procure new modes of procedure without impairing the obligation of contracts, provided an efficacious remedy remains for its enforcement.

6. Insurance—Beneficiary Could not Recover Premiums Paid by Insured.—In action by beneficiary upon a benefit certificate, a verdict for the return to plaintiff of the premiums paid defendant by deceased insured was not responsive to any issue, as any action to recover such premiums would necessarily have to be brought by the personal representative of the deceased.

7. Pleading—Where Answer Raised no Issue, Motion for Judgment Non Obstante Properly Treated and Granted as Motion for Judgment on Pleadings.—Where answer raised no material issue of fact, but plaintiff recovered a verdict, defendant's motion, although designated as a motion for judgment *non-obstante veredicto*, was in effect a motion for judgment on the pleadings and was properly granted.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. A. H. Hoffman, Mr. John D. Denison, and Messrs. Hayes, Laney & Allee, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

ROSS, C. J.—Ellen Manz, as beneficiary in a certificate of insurance issued to Henry Manz, her husband, by the Brotherhood of American Yeomen, a fraternal association, brought this action to recover the amount of policy, setting forth in her complaint the necessary allegations as to the contract of insurance, the death of the insured, and proof thereof, etc. The defendant in its answer denied liability for the following reasons: First, that the insured in his application to become a member of the brotherhood represented and warranted his age to be forty-

---

5. Recovery of premiums paid for life insurance, see note in 4 Ann. Cas. 123.

nine years, when in truth and in fact he was fifty-seven years old; that said application was made a part of the contract of insurance, and that the misstatement as to the insured's age was a breach thereof rendering the contract null and void; second, that said misrepresentation as to insured's age was fraudulent and false, and made with the intent to deceive, and did deceive, the defendant association; and, third, that the defendant's articles of incorporation gave it power to insure persons fifty years of age, but not older, and therefore the policy sued on was *ultra vires* the powers of defendant and void *ab initio.*

The case was tried out before a jury upon the issues thus formed (except the one of fraud, which was withdrawn by defendant), and resulted in a verdict in favor of plaintiff for the return of all premiums paid, amounting to $322.70.

Upon the trial it was the contention of the defendant that the establishment of either of its defenses would defeat the action, whereas the plaintiff took the position that, even though the insured had misstated his age as forty-nine when he was in fact fifty-seven, it would not avoid the policy, if such misstatement was made in good faith and in the honest belief that forty-nine was his true age.

After the verdict the plaintiff filed her motion for a new trial and judgment *non obstante veredicto,* assigning as a reason therefor that chapter 46, Session Laws of 1907, approved March 18, 1907, was in force when the policy sued on was issued, to wit, April 22, 1907, and that under chapter 46 it was made a condition precedent to the right to defend against a policy issued by it that the insurer at, or before, the trial have deposited in the court for the benefit of plaintiff the premiums received on such policy, and that, defendant having failed to make such deposit and having withdrawn the defense of fraud, there

was no question of fact for a jury, and it became the duty of the court to enter judgment for plaintiff for $1,690.30, being the full amount of policy, with allowance and deductions called for by its terms in case insured died before the period of his expectancy arrived. This motion was granted. Chapter 46, Laws of 1907, consists of two sections as follows:

"Section 1. No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this territory, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case, shall be a question for the jury.

"Sec. 2. In suits brought upon life policies, heretofore or hereafter issued, no defense based upon misrepresentation in obtaining or securing the same shall be valid, unless the defendant shall, at or before the trial, deposit in court for the benefit of the plaintiffs, the premiums received on such policies."

As heretofore indicated, the issues were not formed nor the case tried in view of the above statute. Indeed, it was admitted at the oral argument of the case that this statute was not discovered until motion for judgment notwithstanding the verdict was made. Chapter 46 was not carried forward into Civil Code of 1913, but was repealed by that revision of the laws.

If, however, its provisions entered into the contract of insurance sued upon and became a part of it, it will readily be seen that, even though the defendant established the defenses interposed by clear and satisfactory proof, they would not defeat the plaintiff's right to recover. Under section 1 thereof it would still be a question of fact, if properly pleaded, for the jury as to whether the misrepresenta-

tion as to age actually contributed to the death of the insured.

Chapter 46 is borrowed from the state of Missouri. *Lavin* v. *Empire Life Ins. Co.*, 101 Mo. App. 434, 74 S. W. 366. On the contention that this statute violated the Fourteenth Amendment to the federal Constitution it was taken to the Supreme Court, and there upheld as valid legislation. *Northwestern etc. Ins. Co.* v. *Riggs*, 203 U. S. 243, 7 Ann. Cas. 1104, 51 L. Ed. 168, 27 Sup. Ct. Rep. 126 (see, also, Rose's U. S. Notes).

Chapter 46 was then a valid and subsisting law of the territory of Arizona when the contract of insurance involved in this suit was issued. Cooley on the Law of Insurance, volume 1, page 690, states:

"The general statutes of the state relating to insurance in force at the time a policy is issued must be regarded as entering into and forming a part of it, to the same effect as if embodied therein."

In *Franklin Life Ins. Co.* v. *Galligan*, 71 Ark. 295, 100 Am. St. Rep. 73, 73 S. W. 102, the section of the Missouri statute corresponding with our section No. 1 and its effect upon misrepresentations made by the insured, was under discussion, and the court used this language:

"The law in force when the contract was made entered into it, and conferred upon the assured and the beneficiary under the contract rights which subsequent legislation could not annul. The right vested by this law not to have the contract forfeited by any matter misrepresented, unless such matter contributed to the contingency on which the policy became payable, was a most important one, and, for aught we know, the one that controlled in the making of the contract. But for this right we are not warranted in saying that the assured would have entered upon the contract at all."

In a Missouri case the court said:

"In fact, the defendant tried the case upon the theory that it was not governed by sections 5849 and 5850, Revised Statutes 1889 [our chapter 46, *supra*], and that such statements and answers were warranties, and being false, they avoided the policy, and as that theory was erroneous and untenable, it has made out no defense to this action." *Kern* v. *Supreme Council American Legion etc.*, 167 Mo. 471, 67 S. W. 252.

To the same effect, *National Union* v. *Sherry*, 180 Ala. 627, 61 South. 944; *Foltz* v. *Noon*, 16 Ariz. 410, 146 Pac. 510. In the last case we quoted from *Andrews et al.* v. *Atwood*, 167 Ill. 249, 47 N. E. 387, as follows:

"It is a familiar rule that the law in force at the time a contract is executed enters into and forms a part of the contract."

According to the statute, a misrepresentation made by the insured, in procuring the insurance, must have contributed to the contingency or event insured against. The courts of the state from which this statute was taken hold that the insurer resisting payment of a policy on account of misrepresentations must in its answer or pleadings set forth facts to show that the misrepresentation contributed to the contingency or event insured against and submit evidence sustaining such contention. *Kern* v. *Supreme Council American Legion, supra; Herzberg* v. *Modern Brotherhood of America*, 110 Mo. App. 328, 85 S. W. 986; *Thompson* v. *Royal Neighbors of America*, 154 Mo. App. 109, 133 S. W. 146. In the Kern case, *supra*, it was the contention of the insurer that the "misrepresentations" mentioned in the Missouri statute were intended to be innocent and not fraudulent misrepresentations. The court said:

"Such is not the law or the proper construction to be placed on the statute. That statute was enacted to correct the evil that had grown up, of permitting

insurance companies to make every statement or answer a warranty, and if any one, however trivial or however foreign to the risk or loss, turned out to be untrue, to avoid the policy without refunding the benefits the company had received. The statute draws no distinction between innocent and fraudulent misrepresentations, and the courts have no right to draw any such distinction. The test applied by the statute is whether 'the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable,' and the power to determine that question is vested by the statute in the jury, and not in the court."

Section 2 of chapter 46, we think, was purely remedial. It imposed a duty upon an insurer, in case it was sued on one of its policies to pay or tender to the insured any premiums that it had received, before it could defend. It was intended to be regulatory of litigation over policies of life insurance. We understand the rule to be that parties have no vested right in particular remedies or modes of procedure, and that legislatures may change existing remedies or prescribe new modes of pro-cedure without impairing the obligation of the con-tracts, provided an efficacious remedy remains for its enforcement. *National Security Co.* v. *Archi-tectural Decorating Co.,* 226 U. S. 276, 57 L. Ed 221, 33 Sup. Ct. Rep. 17 (see, also, Rose's U. S. Notes); *In re Farmers' Co-operative Co.* (D. C.), 202 Fed. 1008; *American Radiator Co.* v. *American Bonding Co.,* 27 Cal. App. 687, 151 Pac. 168. It was therefore not necessary that the defendant deposit with the court the premiums it had received from the insured before it might defend, and the plaintiff's contention in that respect is not well founded, because chapter 46 was repealed in 1913 when the laws were revised, and since that time it has not been necessary to observe the remedial part thereof in litigation over life insurance policies, even though

they may have been written while chapter 46 was a valid and subsisting law.

The defendant having failed to tender an issue as to whether the misrepresentation by the insured of his age in any way actually contributed to the contingency or event insured against, and to submit evidence showing the misrepresentation so contributed, it would seem that the plaintiff was entitled to a judgment upon the pleadings.

The verdict returned by the jury was not responsive to any issue. It was for the return to the plaintiff of the premiums paid to the defendant by the insured. Any action to recover them would necessarily have to be brought by the personal representative of the deceased. *Waltz* v. *Workmen's Sick etc.* (Sup.), 141 N. Y. Supp. 578. Any way the verdict may be looked at, it was wrong, and after it was returned, the case really stood as though no verdict had been rendered. At this point the plaintiff made her motions for a new trial and for judgment *non obstante.* If it had been a question as to whether the evidence justified the verdict the proper order would have been one granting a new trial. *Bryan* v. *Inspiration Consolidated Copper Co., ante,* p. 541, 205 Pac. 904. It was not such, however. The answer did not assert, nor did the evidence show, that the misrepresentation as to the insured's age had anything whatever to do with his death. In other words, the answer raised no material issuable fact under chapter 46. While the motion is designated *non obstante veredicto,* it was in effect a motion for judgment on the pleadings, and we think properly granted.

The judgment is accordingly affirmed.

McALISTER and FLANIGAN, JJ., concur.