[Civil No. 3999.   Filed November 7, 1938.]

[83 Pac. (2d) 1003.]

H. D. LOWRY, as Administrator of the Estate of JOHN CARNES, Deceased, and Sometimes Known as HERMAN D. LOWRY, as Administrator of the Estate of JOHN CARNES, Deceased, Appellant, v. S. L. CRANDALL, Appellee.

Mr. Stanley A. Jerman and Miss Betsy Carson, for Appellant.

Mr. Guy Anderson, for Appellee.

ROSS, J.—This appeal is from a judgment of the Superior Court of Graham county establishing claims against the estate of the decedent that had been rejected by the administrator.

John Carnes died intestate on April 1, 1936, in Graham county, where he had his residence. Appellant Herman D. Lowry was appointed administrator of his estate on May 25, 1936, duly qualified and entered upon

his duties. Thereafter the claims involved were filed with the administrator for allowance and on July 25, 1936, were all disallowed by him except one for thirty dollars, which was neither allowed nor disallowed.

At this time the administrator had not filed any inventory or appraisement of the estate, nor had he given notice to creditors. Later inventory and appraisement was filed and notice to creditors given. The several creditors assigned their disallowed claims to appellee Crandall and on May 15, 1937, he re-filed such claims, which were again, in July of 1937, rejected. On August 19, 1937, he brought this action against the administrator to establish the rejected claims and recovered judgment, from which the administrator has appealed.

The appellant contends that claims were barred because claimants failed to bring suit thereon within three months after July 25, 1936, the date of their rejection by the administrator. Appellee resists this contention on the ground that at that time the administrator had not caused an inventory and appraisement of the estate to be made and returned nor given notice to creditors as provided by the statute. This controversy involves the construction of our statutes pertaining to the presentation, allowance and rejection of claims against an estate in probate procedure.

It is made the duty of the personal representative, within three months after appointment, to make and return a true inventory and appraisement of the estate. Section 3958, Rev. Code 1928. The purpose of this requirement is to make a record of the assets of the estate chargeable to the personal representative and for which he is accountable to the creditors, heirs and devisees. Section 3983, Id., provides that the personal representative, immediately after his appointment, must give notice, by publication in a

newspaper, requiring all persons having claims against the estate to exhibit them, with necessary vouchers, to the personal representative at the place of his residence or busin s, to be specified in the notice, within ten months after the first publication when the estate exceeds in value five thousand dollars and four months when it is less. The purpose of this notice is, obviously, for the benefit of the creditors of the estate, that they may file their claims with the personal representative within the time limit. The notice fixes a date beyond which the claims may not be filed, but it does not import that claims of creditors may not be filed with the personal representative before the inventory and appraisement is made or the notice to creditors given, or that the personal representative may not reject or approve them before these things have been done. If creditors of the estate submit their claims to the personal representative before he has complied with the statute as to notice to creditors and the filing of inventory and appraisement, there certainly is no reason why he may not allow them if just and legal, and if he has the power in such circumstances to *allow* them he could reject them. Section 3987, Id., reads:

"When a claim is presented to the executor or administrator, he shall indorse thereon his allowance or rejection, with the day and date thereof; *and* if he allows the claim, he shall present it to the judge of the court for his approval, who may hear evidence concerning its validity, and who shall indorse upon it his allowance or rejection and the date thereof. If the executor or administrator or the judge refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect shall be deemed a rejection. If the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, it is presented in time, though acted upon by

the executor or administrator and by the judge after such time.''

The rule in California, from whence we borrowed our probate law, is stated to be:

''Presentation Before Notice to Creditors.—While a creditor is not bound to present his claim until after publication of the notice required by the statute, the statute does not require a presentation to be postponed until after the publication. The holder may anticipate such publication, and present his claim prior thereto. It is not the publication of notice which is the prerequisite to the maintenance of an action on a claim, but it is the proper presentation of the claim and its rejection. The only effect of a failure to publish proper notice to creditors is to extend the time for presentation of the claim until due and proper notice shall be given. And if the notice to creditors has not been published, a creditor may present his claim for allowance within the proper time after publication. . . . '' 11 Cal. Jur., sec. 425.

█ Section 3989, Revised Code of 1928, provides that, if a claim is due when rejected, action thereon may be brought within three months after the date of rejection ''otherwise the claim shall be forever barred.'' This bar is of both the right and the remedy. *Latham* v. *McClenny,* 36 Ariz. 337, 285 Pac. 684; *Certain-teed Products Corp.* v. *Luke,* (9. Cir.) 74 Fed. (2d) 384.

█ Appellee contends he was misled into not bringing an action by representations of appellant's attorneys as to the allowance of claims. But, even if true, it did not excuse his failure to bring an action within the three months allowed after rejection.

''As stated in Bancroft's Probate Practice, § 892: 'Misleading statements, assurances, or conduct of the representative inducing a creditor to omit compliance with the statutes in presenting a claim or suing upon such claim do not estop the representative from contesting the claim upon the ground of non-compliance

with statutory requirements. *A fortiori*, the conduct of the representative's attorney cannot operate to estop the representative in such matters.' To the same effect, see *Vanderpool* v. *Vanderpool*, 48 Mont. 448, 138 Pac. 772.'' *Certain-teed Products Corp.* v. *Luke*, *supra*, 74 Fed. (2d) 386.

The assignment of the claims to appellee, and their re-presentation to the personal representative for allowance in July of 1937, and after notice to creditors was given and inventory and appraisement made, did not toll the bar and was ineffective for any purpose.

Most of the claims appear to be for services rendered decedent or merchandise furnished him during his last illness and for funeral expenses, the funeral expenses amounting to $60.35. It is contended by appellee the law does not provide that the expenses of last sickness and the funeral expenses shall be presented to the personal representative for allowance before action may be brought on them. Our section 3985 provides:

*"Presentation of claims; barred if not presented.* All claims arising upon contracts, whether due, not due or contingent, shall be presented to the executor or administrator within the time limited in the notice, and any claim not so presented is barred forever; . . .''

Anything furnished the decedent in his lifetime would be "upon contract" and therefore claims for expenses of last sickness should, under this section, be presented to the personal representative and if not so presented no action may be maintained on them. While funeral expenses are made a preferred charge upon the estate (secs. 4068, 4069), they do not ordinarily arise "upon contract" with anybody authorized to bind the estate and do not fall within the terms of the above section. In *Golden Gate Undertaking Co.* v. *Taylor*, 168

Cal. 94, 141 Pac. 922, 52 L. R. A. (N. S.) 1152, Ann. Cas. 1915D 742, it was held that claims for funeral expenses, under a section the same as ours, need not be exhibited with vouchers as a formal claim against the estate, for the reason that they did not arise upon contract, but that the claimant might bring an ordinary action of debt against the personal representative for their recovery. The court said (after quoting sections 1643 and 1646, Code of Civil Procedure of California, corresponding to our sections 4068 and 4069, *supra*):

"Not only, then, is the charge for funeral expenses a debt of the estate, but it is a preferred debt of the first class, and is payable as soon as the executor or administrator has sufficient funds in his hands. It is not a debt arising upon a contract made by the decedent in his lifetime, and a creditor's claim, as defined in section 1493, Code of Civil Procedure [our section 3985], is not, therefore, required to be presented as a basis for action. *Potter* v. *Lewin,* 123 Cal. 146, 55 Pac. 783. . . . "

The court added:

"But the only ground upon which the estate may be charged with the expenses of burial is, as has already been suggested, that the 'funeral is a work of necessity, as well as of charity and piety.' Woern. Adm. (2d Ed.) § 357. . . . "

And that when an action is for such expenses it is the duty of the court to see

"that the amount sought to be recovered is a reasonable and proper charge against the estate in view of all the circumstances, so far as they could with reasonable diligence be ascertained at the time of the burial."

And, because the complaint did not contain such allegation, the court held it bad on demurrer. In other words, in such action the amount of the funeral ex-

508

penses should be determined in accordance with the ability of the estate to pay.

We have come to the conclusion that the claims for expenses of last sickness were, at the time action was instituted, barred because the action was not brought within three months after they were rejected; but that the counts for funeral expenses were not barred as claims, for such expenses do not have to be presented to the personal representative for allowance or rejection before they are paid or before action may be maintained thereon, but may be immediately paid by the personal representative subject to approval as to the amount when his accounts are submitted to the court.

The judgment of the lower court is reversed and the cause remanded with directions that further action be taken in accordance herewith.

McALISTER, C. J., and LOCKWOOD, J., concur.