438 P.2d 752

Gordon RAY, dba Ray's Wonderland Court, Appellant,

v.

Arthea (Peggy) RAMBAUD, a divorced woman, Appellee.

No. 8633.

Supreme Court of Arizona.
In Division.
March 14, 1968.

Connors & Curran, by Stephen W. Connors, Phoenix, for appellant.

William P. Lutfy, Phoenix, for appellee.

UDALL, Vice Chief Justice.

This case comes to us on an appeal from the judgment of the Superior Court of Maricopa County granting defendant's motion for summary judgment.

Procedurally the case developed as follows: On April 26, 1963, Plaintiff Gordon Ray, dba Ray's Wonderland Court, filed a complaint in the superior court for $434.70 rent due and owing from Defendant Arthea (Peggy) Rambaud, a divorced woman, and attached to it an affidavit of attachment. At the same time, a writ of attachment, which directed the sheriff of Maricopa County to attach the defendant's 1959 Taunus station wagon, was issued at plaintiff's request. Defendant answered the complaint and counterclaimed for $5,950.00 for the value of services rendered plaintiff and for damages suffered by reason of the wrongful attachment of her automobile. A motion to set and certificate of readiness was filed, to which plaintiff filed a controverting affidavit.

On June 1, 1963, the amendments to Rules 25(a) and 6(b), Rules of Civil Procedure, became effective, 16 A.R.S. The defendant died on July 4, 1963 and notice of this fact was filed with the court and served upon the attorney for plaintiff on August 6, 1963. On November 12, 1963, defendant filed a motion to dismiss upon the grounds that the dece-dent had not been substituted within ninety days from the date the death of the defendant had been suggested upon the record in accordance with Rule 25(a) (1) as amended.

Plaintiff responded to this motion and after oral argument was had, the motion was denied. On November 13, 1963, there being no administrator or executor appointed for the estate of defendant, a petition was filed with the court for letters of administration to be issued to one James E. Curran. It was resisted, however, upon the grounds that defendant left a will appointing E. L. Rayborn and Ethel Gibbs as joint executors and that James E. Curran was not a disinterested party because he is associated in the practice of law with plaintiff's attorney. The objections were sustained and the petition for letters of administration of James E. Curran was dismissed on December 10, 1963. On the same day, a petition to probate the will of defendant was filed with the court and Wm. P. Lutfy, Jr., was duly appointed administrator with the will annexed of the estate of defendant on January 7, 1964.

Notice to creditors was duly published by the administrator beginning January 21, 1964. On February 4, 1964 plaintiff filed a motion to substitute the administrator with will annexed as party defendant. The motion was opposed by the administrator on the ground the substitution was not made within the ninety day period provided for in Rule 25(a) (1) as amended. On April 8, 1964 the administrator filed an affidavit of bias and prejudice alleging that because of the bias, prejudice or interest of the superior court judge to whom the case was assigned, he could not obtain a fair and impartial trial.

On June 19, 1964, defendant filed a motion for summary judgment upon the grounds that plaintiff had not moved to substitute the decedent in accordance with Rule 25(a) (1) as amended, and also because no creditor's claim had ever been presented by the plaintiff to the administrator of defendant's estate within the four month period. Summary judgment was thereafter

granted to defendant on July 30, 1964, and reduced to formal written judgment on September 25, 1964.

The effect of each assignment of error raised on this appeal is to question the propriety of the court's grant of summary judgment. It is suggested that the rights of the parties were governed by Rule 25(a), Rules of Civil Procedure, prior to its amendment since the amendment became effective after the pleadings were closed; that application of the rule as amended violated the ex-post-facto provision of the Arizona and United States Constitutions; and that the Rule does not apply until a proper person has been appointed that may be substituted.

Rule 25(a) (1) as it existed up to June 1, 1963 provided that the court may order substitution of the proper parties within two years after a party dies. As the Rule was amended, a motion to substitute must be made not later than 90 days after the decedent's death is suggested upon the record. It reads as follows:

"25(a) Death.

"(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party. Amended March 26, 1963. Effective June 1, 1963."

■ The authorities uniformly hold that a litigant does not have a vested right in any given mode of procedure, and so long as a substantial and efficient remedy is provided, due process of law is not denied by a change in remedy. Denver & R.G.W.R. Co. v. Brotherhood of Railroad Trainmen, 387 U. S. 556, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967); Swanson v. Bates, 170 F.2d 648 (10 Cir. 1948); United States v. Ascher, 41 F.Supp. 895 (D.C.Cal. 1941). This Court, in Brotherhood of American Yeomen v. Manz, 23 Ariz. 610, 206 P. 403 (1922), made a similar statement of the rule wherein it said:

"We understand the rule to be that parties have no vested right in particular remedies or modes of procedure, and that Legislatures may change existing remedies or prescribe new modes of procedure without impairing the obligation of the contracts, provided an efficacious remedy remains for its enforcement." 23 Ariz. at 616, 206 P. at 405.

See also Headley v. Headley, 101 Ariz. 331, 419 P.2d 510 (1966) which involves application of the principle to retrospective legislation.

■ In the instant case, the record shows that the decedent died on July 4, 1963, approximately one month after the amended Rule 25(a) (1) became effective. In no way were the rights of plaintiff extinguished or impaired; rather the amended Rule still provided plaintiff an efficacious means for enforcement of his rights.

■ That the state and federal constitutional prohibition against the enactment of ex-post-facto laws applies only to statutes dealing with criminal matters has long been settled. Calder v. Bull, 3 Dall. 386, 3 U.S. 386, 1 L.Ed. 648 (1798); Walker v. Whitehead, 16 Wall. 314, 83 U.S. 314, 21 L.Ed. 357 (1872); Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911 (1954); see Fairfield v. Huntington, 23 Ariz. 528, 205 P. 814, 22 A.L.R. 1438 (1922).

The more difficult problem is presented by plaintiff's failure to make substitution of the deceased within the 90-day period as provided by amended Rule 25(a) (1). The obvious purpose in amending the Rule, as pointed out by the Arizona State Bar Committee Note set forth beneath the amended

Rule,[1] was to eliminate the harsh results which would occur under the Rule, prior to its amendment, after the lapse of two years from the date of death of a party even though other parties to the action had no notice of death. See Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947). As the Rule now reads, a motion to substitute must be made within 90 days after death is suggested upon the record unless the time period is enlarged as per amended Rule 6(b).[2]

The issue presented by this appeal is whether Rule 25(a) (1) imposes an inflexible requirement that substitution be moved for within the 90-day period notwithstanding the fact that a personal representative has not been appointed for the deceased defendant. Our Rule 25(a) (1) as amended is identical to Federal Rule 25(a) (1) as it was amended in 1963. The text writers and cases which have since had occasion to discuss the amended Rule are all in agreement that the 90-day period begins to run from the date death is suggested upon the record but that by reason of the amendment to Rule 6(b), the period in which a motion for substitution must be made may be enlarged. Barron & Holtzoff, Federal Practice and Procedure (Wright Edition) §§ 621, 622. Furthermore, if the facts so justify, Rule 6(b) as amended will afford a litigant relief even if he waits until after the time limit has run to move for an extension.

In the instant case, defendant made a motion to dismiss on November 12, 1963, more than 90 days after the deceased's death had been spread upon the record by his counsel. Plaintiff responded by a motion to quash and attached a controverting affidavit in which he deposed that he was led to believe that no action would be taken by either side until it was determined who the administrator or executor of the deceased's estate would be so that a proper

1. "Present Rule 25(a) (1), together with present Rule 6(b), results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of the death. The hardships and inequities of this unyielding requirement plainly appear from the cases.

"The amended rule establishes a time limit for the motion to substitute based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record, i. e., service of a statement of the fact of the death. Cf. Ill.Ann.Stat., c. 110, section 54(2). (Smith-Hurd 1956). The motion may not be made later than 90 days after the service of the statement unless the period is extended pursuant to Rule 6(b), as amended.

"A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record.

"A motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of the first sentence of the amended rule ("the court may order") it may be denied by the court in the exercise of a sound discretion if made long after the death—as can occur if the suggestion of death is not made or is delayed—and circumstances have arisen rendering it unfair to allow substitution. Accordingly, a party interested in securing substitution under the amended rule should not assume that he can rest indefinitely awaiting the suggestion of death before he makes his motion to substitute."

2. "6(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(d), (g) and (1), 60(c) and 73(b) and (s), except to the extent and under the conditions stated in them. Amended March 26, 1963. Effective June 1, 1963."

substitution could be made. Following oral argument on the motions, the judge denied defendant's motion to dismiss.

■ We are of the opinion that plaintiff's argument to the court that a proper substitution would be made upon appointment of an administrator or executor, and the court's subsequent denial of defendant's motion to dismiss, had the effect of enlarging the time period during which a motion to substitute could be made. This conclusion is not inconsistent with the provisions of amended Rule 6(b) since it permits enlargement at any time with or without motion.

The amendment to Rule 25(a) (1) was not intended to act as a bar to otherwise meritorious actions. Staggers v. Otto Gerdau Company, 359 F.2d 292 (2 Cir. 1966). In a situation such as the instant case where the sole defendant dies it would be wholly inconsistent with basic principles of justice to allow a pending action to be defeated simply by postponement of appointment of a personal representative beyond the 90-day period in which a motion to substitute must be made. We think a purpose for the liberal provisions for enlargement under amended Rule 6(b) was to protect against such a harsh result. For these reasons, it would have been error if the trial court had granted defendant's motion for summary judgment solely upon the ground that the provisions of amended Rule 25(a) (1) were not accomplished.

In fact, defendant alleged alternative grounds in support of his motion for summary judgment. In addition to that previously discussed, he raised plaintiff's failure to present his claim to the administrator pursuant to A.R.S. §§ 14–570, 14–576. They read as follows:

"§ 14–570.

"A. All claims arising upon contracts, whether due, not due or contingent, shall be presented to the executor or administrator within the time limited in the notice to creditors, and any claim not so presented is barred forever, but when it is made to appear by affidavit of claimant to the satisfaction of the court that claimant did not have notice by reason of being without the state, the claim may be presented at any time before the decree of distribution is entered."

\* \* \* \* \* \*

"§ 14–576.

"If an action is pending against decedent at the time of his death, plaintiff shall in like manner present his claim to the executor or administrator for allowance or rejection as required in other cases. No recovery shall be had in the action unless proof is made of the presentation."

In the instant case notice to creditors was duly published by the administrator beginning January 21, 1964, and approximately six months later, plaintiff had not as yet presented his claim. By way of defense, plaintiff alleges that defendant's attorney indirectly represented to plaintiff's attorney that he need not file a claim against the estate because of the pending action.

■ However sympathetic we might feel if in fact such representations were made and plaintiff did in fact rely upon such, the requirements of the statutes are unyielding. A claim against an estate of a decedent not presented within the time and in the manner prescribed is barred. Fernandez v. Garza, 88 Ariz. 214, 354 P.2d 260 (1960); In re Estate of MacDonald, 4 Ariz. App. 94, 417 P.2d 728 (1966); see also 1 Arizona Law Review 319 (1959). Compliance with this requirement is not excused even if the attorney representing the deceased's estate represents that a claim against the estate need not be filed. Lowry v. Crandall, 52 Ariz. 501, 83 P.2d 1003, 120 A.L.R. 271 (1938). Plaintiff cannot complain that defendant opposed his motion to substitute filed February 4, 1964. Even when timely made, Rule 25(a) (1) does not make it mandatory upon the court to grant the motion.

■■ Plaintiff's failure to file a creditor's claim within the statutory period had the effect of barring the claim. Not only was the remedy destroyed, but the right it-

self wiped out, and the claim ceased to exist. Latham v. McClenny, 36 Ariz. 337, 285 P. 684 (1930). There is no longer an issue of fact before the court. The court acting in accordance with the applicable statutes properly granted defendant's motion for summary judgment.

Affirmed.

BERNSTEIN and LOCKWOOD, JJ., concur.